Robert Allen RAY, Plaintiff,

v.

COMMONWEALTH OF PENNSYLVA-
NIA et al., Defendants.

Misc. No. 4246.

United States District Court
W. D. Pennsylvania.

Jan. 31, 1967.

OPINION

ROSENBERG, District Judge.

Robert Allen Ray is here as the petitioner-plaintiff against the Commonwealth of Pennsylvania et al., the defendants. His pleading as presented is entitled "Motion For Leave to File Complaint and Proceed in Forma Pauperis, Appointment of Counsel". He is presently confined in the State Correctional Institution at Pittsburgh, Pennsylvania.

The record in the office of the Clerk of Court indicates that he has filed ten petitions for writs of habeas corpus during the years 1965 and 1966. In these petitions he has set forth various reasons why he is entitled to the issuance of a writ of habeas corpus. The present proffered pleading is unique in that he seeks here a mandate which will compel the election officials to set up voting procedure and equipment to permit him and other prisoners the right to vote. He bases his demand upon the fact that heretofore he was deprived of his right to vote while he was incarcerated. There is no indication that he has ever presented this matter to the State courts.

There is no allegation or information as to whether or not the Commonwealth of Pennsylvania is a proper party defendant, nor is there any indication upon what theory jurisdiction is had by a district court other than the averment that the Fifteenth Amendment to the United States Constitution gives him the right to vote. However, I recognize that this is a pro se pleading and despite its want of refinement as a legally sufficient pleading, I will consider and dispose of it as it may raise a federal question.

The petitioner states that "Jurisdiction is founded upon the existence of a federal question, and Monroe v. Pape [365 U.S. 167], 81 S.Ct. 473 [5 L.Ed.2d 492] (1961) * * *." The argument then follows in the petition that a person

does not legally lose his right to vote pursuant to conviction and sentencing for a crime where minimum and maximum sentences are set forth and gives no indication that a person or persons' voting rights or privileges are forfeited upon the conviction and sentencing.

Actually then, I am asked to hold that any disability of an incarcerated prisoner must be considered as a penalty additional to that of the actual sentence and commitment to jail. This, here, because a person thus incarcerated is held or restrained from participating in his right of suffrage.

The argument as presented might have added to it many other disabilities such as the right to exercise religious freedom and attend the church of his choice by a prisoner and many other similar and remote examples. Particularly would this be so, since religious freedom would be an interference with a constitutional right if it compelled a prisoner to go to the prison chapel, when in fact his religious choice was to attend a place of worship outside the prison walls. Many matters have been brought to the attention of the courts regarding suppression of rights of individuals after they have been incarcerated and become the wards of the Government because of conviction of a crime and sentence therefor.

But these have been held to be no violation of constitutional provisions. Such, for instance, are the right to unlimited access to the mails, Labat v. McKeithen, 243 F.Supp. 662 (E.D.La.1965); United States ex rel. Thompson v. Fay, 197 F. Supp. 855 (D.C.N.Y.1961), and its corollary, the right to unlimited access to the courts, Gaito v. Prasse, 312 F.2d 169, C.A.3, 1963; Hatfield v. Bailleaux, 290 F.2d 632, C.A.9, 1961, cert. den. 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59; the right to purchase and receive law books, United States ex rel. Henson v. Myers, 244 F.Supp. 826 (D.C.Pa.1965); the right to choice of work assignments, Bryant v. Harrelson, 187 F.Supp. 738, (D.C.Tex.1960); and the right to unrestricted use of savings accounts, Bailleaux v. Holmes, 177 F.Supp. 361 (D.C. Or.1959), rev. on other grounds, 9 Cir., 290 F.2d 632, cert. den. 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59.

■ Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a withdrawal which is justified by the considerations underlying our penal system. To argue that the incarcerated person can be only incarcerated and not be deprived of the average person's ordinary rights as he would have had them if the prisoner were not convicted and sentenced and confined is, as a matter of common ordinary logic, absurd. It is only where fundamental, humane and necessary rights are breached that the constitutional protections become involved.

These do not include the right to vote, nor can they include any rights which interfere with the Warden's duty and function of seeing to the enforcement of the incarceration and the fulfillment of sentence after conviction.

■ As stated in United States ex rel. Hoge v. Maroney, 211 F.Supp. 197, 198 (W.D.Pa.1962),

"Inmates of State penitentiaries should realize that prison officials are vested with wide discretion in safeguarding prisoners committed to their custody. Discipline reasonably maintained in State prisons is not under the supervisory direction of federal courts * * * 'We think that it is well settled that it is not the function of the courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined.' Stroud v. Swope, Warden, 9 Cir., 187 F.2d 850, 851. A prisoner may not approve of prison rules and regulations, but under all ordinary circumstances that is no basis for coming into a federal court seeking relief even though he may claim that the restrictions placed upon his activities are in violation of his constitutional rights." United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105, 7th Cir. 1953.

If the petitioner were unrestrained under Pennsylvania law and he were properly registered, he would, as a matter of law, be entitled to appear at his proper polling place on election days and vote as do all other citizens, but since he is not free to do so, he cannot consequently appear to vote, nor would the Commonwealth be required to provide polling places for him or anyone else at any other than their properly registered places; nor has the petitioner shown by any authority that the Commonwealth of Pennsylvania was obligated in any way to furnish polling places for him or for any other person at any other place than where he or the others were registered to vote. The fact is that Pennsylvania, as have some other states, legislated in the past for the benefit of certain absentee voters as in the case of granting a right of franchise to members of the Armed Services, while away from their voting district.[1] More recently, Pennsyl-

vania has extended the right for remote voting and has provided for civilian absentee voting.[2]

But in this more recent legislation it specifically provides that

"The term 'absentee elector' shall mean any qualified elector of this Commonwealth properly registered and enrolled * * *, but shall not include * * * any person committed to and confined in a penal institution or a mental institution." 25 P.S. § 2602 (y).

▬▬ This is the law of Pennsylvania. It is not for me to say that this law is either invalid or unconstitutional. In any event, statutes are presumed to be both valid and constitutional, unless a contrary showing is made. No such showing has been made here. The "Motion For Leave to File Complaint and Proceed in Forma Pauperis, Appointment of Counsel" will therefore be denied.

---

1. 1937, June 3, P.L. 1333, Art. XIII, §§ 1301–1309, added 1951 March 6, P.L. 3, § 11, 25 P.S. §§ 3146.1–3146.9.

2. 1937, June 3, P.L. 1333, Art. XIII–B, § 1301–B, added 1960 Jan. 8, P.L. 1959, 2135, § 2.