Ray, Appellant, *v.* Commonwealth.

Submitted January 12, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BAR-BIERI, JJ.

reargument refused August 31, 1971.

*Robert Allen Ray,* appellant, in propria persona.

*Frank P. Lawley, Jr.,* Deputy Attorney General, and *Fred Speaker,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BARBIERI, April 22, 1971:

This is an appeal from the decision of the Court of Common Pleas of Dauphin County dismissing appellant's complaint.

Appellant requested the lower court to enjoin enforcement of Section 102(y) of the Election Code, Act of June 3, 1937, P. L. 1333, Art. I, §102 (as amended),

25 P.S. §2602(y). Section 102(y) excepts "any person committed to and confined in a penal institution" from the definition of "absentee elector." Appellant, who is "confined in a penal institution" by reason of his convictions for armed robbery and aggravated robbery, contends that Section 102(y) is unconstitutional insofar as it prohibits him from voting as an absentee elector.

Even assuming that appellant's claim has not been mooted by the fact that it was concerned with the already past November, 1970 elections, or that injunction rather than mandamus was the proper form of remedy, appellant's claim still must fail. Appellant cites two provisions of the Pennsylvania Constitution in support of his arguments: (1) "Elections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage," (Art. I, Sec. 5), and (2) "The Legislature shall, by general law, provide a manner in which, and the time and place at which, qualified electors who may, on the occurrence of any election, be absent from the State or county of their residence, because their duties, occupation or business require them to be elsewhere or who, on the occurrence of any election, are unable to attend at their proper polling places because of illness or physical disability, may vote, and for the return and canvass of their votes in the election district in which they respectively reside." Art. VII, Sec. 14.

Appellant's contention that Section 102(y) of the Election Code is inconsistent with Art. I, Sec. 5 of the Constitution shows a misunderstanding of the scope and purpose of that constitutional provision. As this Court said in *Winston v. Moore*, 244 Pa. 447, 457, 91 A. 520 (1914), "elections are *free and equal* within the meaning of the constitution when they are public and open to all *qualified electors* alike." (Emphasis added) The

right to vote guaranteed under Art. I, Sec. 5 is thus subject to the same condition as is the right to an absentee ballot guaranteed in Art. VII, Sec. 14—that the voter must be a "qualified elector." And just as the Legislature has the power to define "qualified electors" in terms of age and residency requirements, so it also has power to except persons "confined in a penal institution" from the class of "qualified electors." See *Davis v. Beason*, 133 U.S. 333 (1890); *Lassiter v. Northampton County Board of Elections*, 360 U.S. 45, 51 (1959); *McDonald v. Board of Election Commissioners of Chicago*, 394 U.S. 802 (1969); *Ray v. Commonwealth*, 263 F. Supp. 630 (W.D. Pa., 1967).[1] This Court does not sit to judge the wisdom of the Legislature's policies. The exception as enacted is within the permissible scope of legislative authority and we are satisfied that it does not violate any provision of either the Pennsylvania or United States Constitutions.

Decree affirmed. Each party to pay own costs.

---

[1] This case involved the same petitioner and the same issue as is raised before us. The Court there said in part: "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a withdrawal which is justified by the considerations underlying our penal system. To argue that the incarcerated person can be only incarcerated and not deprived of the average person's ordinary rights as he would have had them if the prisoner were not convicted and sentenced and confined is, as a matter of common ordinary logic, absurd. It is only where fundamental, humane and necessary rights are breached that the constitutional protections become involved.

"These do not include the right to vote, nor can they include any rights which interfere with the warden's duty and function of seeing to the enforcement of the incarceration and the fulfillment of the sentence after conviction." *Id.* at 263 F. Supp. 630, 631.