**Andrew C. GOOSBY, Holmesburg Prison, Philadelphia, Pa., et al., Appellants,**

v.

**Maurice S. OSSER, City Commissioner, City Hall Annex, Philadelphia, Pa., et al.**

**No. 71–1935.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) on Oct. 21, 1971.

Decided Oct. 26, 1971.

As Amended Nov. 11, 1971.

Rehearing En Banc Denied Dec. 17, 1971.

Van Dusen and Rosenn, Circuit Judges, dissented from denial of rehear-

ing. Adams, Circuit Judge, dissented from denial of rehearing and filed opinion.

Joseph A. Torregrossa, Philadelphia, Pa., for appellants.

Harry Wolov, Philadelphia, Pa., for appellees.

Barry A. Roth, Deputy Atty. Gen., Dept. of Justice, Harrisburg, Pa., for the Commonwealth of Pa.

Before ALDISERT, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal from the district court's order of October 6, 1971 requires us to decide whether the court erred in dismissing plaintiffs' complaint. We are persuaded that there was no error and will affirm.

■ We have concluded that the substantive constitutional challenge to the two Pennsylvania statutes was wholly insubstantial and that the convening of a statutory court was not required under 28 U.S.C.A. § 2281. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

Plaintiffs, untried detainees in Philadelphia prisons, have alleged that the First Class County (Philadelphia) Permanent Registration Act of March 30, 1937, P.L. 115, as amended by the Act of August 14, 1963, P.L. 900, 25 Purd.Stat. Anno. § 623–1 et seq., and Pennsylvania Election Code, Act of 1937, P.L. 1333, Art. I, Sec. 102, as amended by the Act of August 13, 1963, P.L. 707, 25 Purd. Stat.Anno. § 2602(w) (12), offend the equal protection clause and are therefore unconstitutional. The former statute regulates voting registration; the latter defines qualified absentee elector.

■ Thus, at the threshold, we emphasize that the attacked statutes do not control the right to vote. The distinction between the mechanics of controlling the exercise of the franchise, and its selective distribution, is made clear in McDonald v. Board of Election Commissioners of Chicago, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969). Compare Stephens v. Yeomans, 327 F. Supp. 1182 (D.N.J.1970). Regulations setting forth the mechanics of controlling the exercise of the franchise are measured by the test that "statutory classifications will be set aside only if no grounds can be conceived to justify them." McDonald, supra, 394 U.S. at 809, 89 S.Ct. at 1408.

■ Measured by this test, the Pennsylvania legislative schema requiring that places of registration be open to the public, Devlin v. Osser, 434 Pa. 408, 254 A.2d 303 (1969), and that absentee ballots not be made available to those "confined in a penal institution or a mental institution," 25 Purd.Stat.Anno. §

2602(w) (12), clearly may not be set aside. Ray v. Commonwealth of Pennsylvania, 442 Pa. 606, 276 A.2d 509 (1971).

We have carefully considered each of the contentions raised by the appellants and find them to be without merit. Under ordinary circumstances, we would be inclined to present an extended discussion of the controlling issues. Since the emergency nature of this appeal suggests an immediate adjudication we have limited our opinion to this brief statement.

The judgment of the district court dismissing the complaint will be affirmed.

Before SEITZ, Chief Judge, and VAN DUSEN, ALDISERT, ADAMS, GIBBONS, ROSENN, ROSEN, and HUNTER, Circuit Judges.

## ON PETITION FOR REHEARING BEFORE THE COURT EN BANC

PER CURIAM:

Upon consideration of the petition for rehearing, the prayer of the petition is denied. Judges Van Dusen, Adams and Rosenn would grant the petition for rehearing.

ADAMS, Circuit Judge (dissenting).

Only in the most unusual circumstance do I believe that a judge of this court should dissent with opinion from an order of the court denying rehearing en banc. However, in my judgment, this case constitutes such an occasion.

Rule 35 of the Federal Rules of Appellate Procedure indicates that when there is no question of uniformity of decisions rehearing en banc should occur only "when the proceeding involves a question of exceptional importance." The issues "of exceptional importance" in this case are two-fold—(1) the right of unconvicted indigent prisoners to vote, and (2) the proper adjudicatory role of a court of appeals.

As for the first issue, the complaint alleges that in Philadelphia more than 2,000 individuals, while charged with but not convicted of a crime, are incarcerated because of an inability to secure bail and are being unconstitutionally deprived of their right to vote. The plaintiffs, class representatives, assert that they possess all the qualifications of electors set forth in the Pennsylvania Election Code, Tit. 25 Pa.Stat.Ann. § 2811, but because of the operation of certain other sections of the Election Code and the activities of local election officials they cannot exercise their franchise at all.

Relying on McDonald v. Board of Election Com'rs, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969), the original panel found the allegations of the complaint to be "wholly insubstantial." In this regard, we are reminded of the language contained in Reynolds v. Sims, 377 U.S. 533, 561–562, 84 S.Ct. 1362, 1381, 12 L.Ed.2d 506 (1964):

> "Undoubtedly, the right of suffrage is a fundamental matter in a free and democratic society. Especially since the right to exercise the franchise in a free and unimpaired manner is preservative of other basic civil and political rights, any alleged infringement of the right of citizens to vote must be carefully and meticulously scrutinized."

After the careful scrutiny mandated by *Reynolds*, it is not at all clear that *McDonald* controls the present situation. The unconvicted inmates in *McDonald* alleged in their complaint no more than the fact that they were not permitted to vote in Illinois by absentee ballot, and that this provision of the Illinois voting law violated their right to equal protection since the physically infirm were allowed to vote by absentee ballot. The record in *McDonald* never suggested that these prisoners had attempted to use alternative means to exercise their franchise. This critical omission prompted the Supreme Court to note:

> "Appellants agree that the record is barren of any indication that the State might not, for instance, possibly fur-

nish the jails with special polling booths or facilities on election day, or provide guarded transportation to the polls themselves for certain inmates, or entertain motions for temporary reductions in bail to allow some inmates to get to the polls on their own." *McDonald, supra,* 394 U.S. at 808, n. 6, 89 S.Ct. at 1408.

On the other hand, the uncontroverted allegations of the complaint in the present case—which because of the procedural posture must be assumed to be true—aver first that these prisoners cannot vote at all by absentee ballot or otherwise, and second that the disenfranchisement has occurred as a result of the poverty of the inmates, that is, unconvicted rich persons accused of crimes are able to raise enough money to go free on bail and thus exercise their right to vote in person, while the poor are not capable of paying a surety. Furthermore, the complaint here asserts that requests for alternative means have been consistently denied, and therefore alleges an absolute denial of the right to vote. Because of the significant factual differences which appear between *McDonald* and this case, I for one am not prepared to dismiss the allegations here as frivolous.

Once these crucial differences are recognized, the second of the two issues of exceptional importance becomes apparent. Federal courts must decide only the questions squarely before them. U.S. Const., Art. III, § 2. This case involves a request that a three-judge district court be convened pursuant to 28 U.S.C. § 2281. The statute, by its terms, covers suits brought to enjoin the "enforcement, operation or execution of any State statute . . ." In addition, the Supreme Court has interpreted Section 2281 to require the existence of a substantial constitutional question prior to the convening of a three-judge court. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). The complaint here does seek to enjoin the operation and enforcement of certain portions of the Pennsylvania election code. As a matter of procedure, then,

when this Court is asked to rule on the propriety of a denial of a request for a three-judge court, if the other tests for convening such a court are met, *see e. g.,* Reed Enterprises v. Corcoran, 122 U.S. App.D.C. 387, 354 F.2d 519 (1963), our primary inquiry, and in my view of this case the only inquiry, should go to the substantiality of the constitutional claim asserted. To decide the merits, as the panel did here, is to usurp the function of the three-judge court.

Therefore, without reaching the ultimate issues of the case before us, it is clear that because this case is different from *McDonald,* serious constitutional questions unanswered by *McDonald* still exist. Because these differences alone should result in a remand for the purpose of convening a three-judge court, I respectfully dissent from a denial of rehearing en banc—a rehearing which would enable the full court to determine whether a substantial question of constitutional dimension exists.