548 A.2d 371

Thomas Martin and Edward Bernard Rosenfeld, Petitioners *v.* James J. Haggerty, Secretary of State of The Commonwealth of Pennsylvania et al., Respondents.

*Michael R. Dillon,* with him, *David W. Folts,* and *Joseph A. Torregrossa, Morgan, Lewis & Bockius,* for petitioners.

*Amy Zapp,* Deputy Attorney General, with her, *John G. Knorr, III,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, September 29, 1988:

Before us are the preliminary objections of Respondents[1] to a class action petition for review addressed to our original jurisdiction and filed by Thomas Martin and Edward Bernard Rosenfeld.

Petitioners are inmates confined in state correctional institutions. They allege that while they have been incarcerated, Respondents have denied them the right to vote by refusing to allow them to register, not allowing them to vote at their place of residence, by failing to provide polling facilities in the various correctional institutions and by denying them the use of absentee ballots.

---

[1] Respondents are James J. Haggerty, Secretary of State of the Commonwealth of Pennsylvania; William P. Boehm, Commissioner of the Election Bureau; David S. Owens, Jr., Corrections Commissioner; Glenn R. Jeffes, former Corrections Commissioner; and LeRoy S. Zimmerman, Attorney General.

On February 9, 1988, Petitioners filed a petition for review on behalf of themselves and others "who are confined in state correctional institutions and are denied the right to register and vote." Petitioners seek a declaratory judgment that they have the right to register and vote under the state Constitution and request injunctive relief which would enable them to do so.

Respondents have raised the following preliminary objections: (1) that the petition for review fails to state a claim for which relief may be granted; (2) that Petitioners have misjoined Respondents, Owens, Jeffes,[2] and Zimmerman; and (3) that the county boards of elections are indispensable parties to the action and therefore the petition should be dismissed.

We will first address the merits of Respondents' demurrer, keeping in mind that such a preliminary objection admits all well-pleaded facts in the pleading as well as all reasonable inferences deducible therefrom. Further, a demurrer may not be sustained unless it is clear from the face of the pleading that the law will not permit the recovery sought. *E.Z. Parks, Inc. v. Larson,* 91 Pa. Commonwealth Ct. 600, 604 n.4, 498 A.2d 1364, 1367 n.4 (1985), *aff'd per curiam,* 509 Pa. 496, 503 A.2d 931 (1986).

The petition characterizes the class as all those confined in state correctional institutions who are otherwise qualified electors. Therefore the class, which has not yet been certified pursuant to Pa. R.C.P. No. 1707,[3] could

---

[2] At oral argument, counsel for Petitioners agreed to the dismissal of former Corrections Commissioner, Glenn R. Jeffes, as a party to this action. However, as no motion has been filed in furtherance of such a dismissal, we will continue to consider him a party for purposes of this opinion.

[3] Pursuant to Pa. R.C.P. 1707(a) the plaintiff shall move to have the action certified as a class action within thirty days after the pleadings are closed or within thirty days after the last required

conceivably consist of convicted misdemeanants and pretrial detainees as well as convicted felons.[4] However, it appears that in Pennsylvania, convicted misdemeanants and pre-trial detainees confined in a penal institution are permitted to register and vote. 1974 Op. Atty. Gen. No. 47.[5] Further, Petitioners' brief addresses the issue of whether *convicted felons* have the right to vote under the state Constitution.[6] We shall therefore limit our discussion to the rights of convicted felons, as this is what Petitioners have argued.

Art. VII, §1 of the Pennsylvania Constitution sets forth qualifications of electors. This provision states that every citizen who meets certain age and residency requirements "shall be entitled to vote at all elections *subject, however, to such laws requiring and regulating*

---

pleading was due. Demurrers are to be disposed of prior to the certification hearing. *See* Explanatory Note to rule.

[4] Although it could be argued that pre-trial detainees and convicted misdemeanants are not similarly situated to Petitioners, a holding to this effect prior to a hearing on class certification, would be premature.

[5] We are not aware as to whether the directive given by the former Attorney General to the former Secretary of State in this opinion letter has, in actuality, been complied with and we express no opinion as to its interpretation of the United States Supreme Court's decision in *O'Brien v. Skinner,* 414 U.S. 524 (1974).

The Attorney General's opinion letter cites *Goosby v. Osser,* 409 U.S. 512 (1973) in which the United States Supreme Court remanded a class action brought by pre-trial detainees confined in Philadelphia County prisons to be heard by a three judge panel. The detainees had alleged they were being denied the right to vote in contravention of the Fourteenth Amendment to the United States Constitution.

By way of a consent decree, the Eastern District of Pennsylvania, on remand, directed that all pre-trial detainees in Philadelphia County, who are otherwise qualified to vote, shall be permitted to do so by absentee ballot in all federal, state and local elections.

[6] *See* Petitioners' brief at 9, 19, 21, 22, 26, 29, and 33.

*the registration of electors as the General Assembly may enact.*" (Emphasis added.)

Pennsylvania's Constitution addresses absentee voting in Art. VII, §14. That section provides that the Legislature may pass laws allowing for absentee balloting, by "qualified electors" who cannot attend their proper polling places on election day because their duties, occupation, or business, require them to be elsewhere or because of illness, physical disability, observance of a religious holiday or election day duties.

The Pennsylvania Election Code (Code)[7] does not explicitly disenfranchise incarcerated prisoners. However, Sections 102(w)[8] and 1301 of the Code[9] define "qualified absentee electors." These sections provide in pertinent part:

> That the words '*qualified absentee elector*' shall in nowise be constructed to include *persons confined in a penal institution* or a mental institution nor shall it in anywise be construed to include a person not otherwise qualified as a qualified elector in accordance with the definition set forth in section 102(t) of this act.

(Emphasis added.)

The aforementioned provisions of the Code have been held not to violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Owens v. Barnes,* 711 F.2d 25 (3rd Cir. 1983), *cert. denied,* 464 U.S. 963 (1983). The Court in *Owens,* noted that a state does not violate the Fourteenth Amendment if it chooses to disenfranchise all convicted felons. The Court held that the Code does not violate

---

[7] Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§2600-4051.

[8] 25 P.S. §2602(w) (1988 Supp.) (quoted language is found immediately following subsection 14).

[9] 25 P.S. §3146.1 (1988 Supp.).

equal protection by denying incarcerated convicted felons the right to vote while permitting those who are not incarcerated to do so, since the Commonwealth could rationally "decide that one of the losses to which a prisoner who is incarcerated should be subject is that of participation in the democratic process which governs those who are at liberty." *Id.* at 28.

Although the Code provisions do not violate the federal Constitution, at least in regards to convicted felons, *Owens,* Petitioners maintain that those sections defining qualified absentee electors do violate the state Constitution. It is true that a state constitution may provide greater protection for individual rights than that provided by the Constitution of the United States, *Western Pennsylvania Socialist Workers 1982 Campaign v. Connecticut General Life Insurance Co.,* 512 Pa. 23, 515 A.2d 1331 (1986), and Petitioners seek a declaratory judgment that they may not be denied the right to exercise the franchise under the Pennsylvania Constitution.

Petitioners contend that they are qualified electors pursuant to Art. VII, §1 of the state Constitution and therefore the provisions of the Code, exempting them from the definition of "qualified absentee elector" are therefore unconstitutional. They maintain that by denying them the right to register and vote, the Legislature is, in effect, redefining the qualifications of an elector set forth in Art. VII, §1. Petitioners further maintain, that the Legislature lacks the power to add to the qualifications set forth in Art. VII, §1. However, our Supreme Court has held otherwise. *Ray v. Commonwealth,* 442 Pa. 606, 276 A.2d 509 (1971). Ray, an incarcerated convicted felon, sought to enjoin enforcement of a provision of the Code[10] which excepted any prisoner

---

[10] Ray challenged former Section 102(y) of the Code, 25 P.S. §2602(y). A similar provision is now at 25 P.S. §2602(w).

confined in a penal institution from the definition of an absentee elector.

*Ray* maintained that by denying him an absentee ballot the Legislature violated his constitutional rights pursuant to Art. I, §5[11] and Art. VII, §14 of the Pennsylvania Constitution. The Pennsylvania Supreme Court held that the rights qualified under both provisions were conditioned on the voter being a "qualified elector." The Court went on to state that "just as the Legislature has the power to define 'qualified electors' in terms of age and residency requirements, so it also has power to except persons 'confined in a penal institution' from the class of 'qualified electors'."[12] *Id.* at 609, 276 A.2d at 510. *Ray* is thus controlling in this case.

Art. VII, §1 conditions the qualifications of electors on those laws which the Legislature may enact requiring and regulating voter registration. Therefore, not only must a voter qualify as an elector under the terms set forth in Art. VII, §1 but he or she must also qualify under the laws the Legislature passes regulating the electoral process.

In this case, the General Assembly enacted provisions in the Code which exempts those confined in penal institutions from the definition of "qualified absentee elector." Prior to the passage of absentee balloting legislation, an individual who was qualified under the terms of Art. VII, §1, but who could not attend his regular polling place for a reason such as illness, was effectively disenfranchised.[13] The Legislature has chosen to

---

[11] Art. I, §5 provides that "[e]lections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."

[12] Contrary to Petitioners' assertion in their brief at page 22, this statement by our Supreme Court was not mere dicta but the rationale for the Court's holding.

[13] *See O'Brien.* (BLACKMUM, J., dissenting.)

extend the franchise to certain categories of voters who would otherwise not be able to vote through the provisions in the Code allowing for absentee ballots. However, it has not seen fit to extend the privilege of voting by absentee ballots to all citizens otherwise qualified who for some reason other than those listed in Section 1301 of the Code cannot attend their regular place. It is the Legislature's prerogative to regulate registration and thus decide who may receive an absentee ballot.

Petitioner argues that an interpretation of Art. VII, §1, which permits the Legislature to add to the qualifications of an elector could result in laws which only allow individuals of a certain party or whose names begin with a certain letter to exercise the franchise. Obviously any such ridiculous law would readily fall victim to a challenge on equal protection grounds.

Petitioners claim that *Ray* is implicitly overruled by the United States Supreme Court decision in *O'Brien*. In that case, pre-trial detainees and convicted misdemeanants claimed New York's voting scheme violated the Equal Protection Clause[14] of the Fourteenth Amendment. These classes of inmates were not disenfranchised by either New York's Constitution or its laws. In fact, the absentee voting law, as applied, permitted pre-trial detainees and convicted misdemeanants incarcerated outside the county of their residence to vote by absentee ballot, presumably because such inmates could not appear at their regular polling place. However, these same classes of inmates, incarcerated within the county of their residence, were denied absentee ballots.

---

[14] Petitioners here have not raised an equal protection issue but state in their petition that they are being denied the right to vote in contravention of Art. VII, §1 and Art. I, §§5 and 25 of the Pennsylvania Constitution. *See* paragraph 24 of Class Action Complaint.

The Supreme Court in *O'Brien,* stated at the outset that it was important to note that New York's election laws did not disenfranchise criminals. It held, however, that New York's laws which extended the right to an absentee ballot to (1) those who were unable to get to the polls due to illness or disability; (2) those whose duties, occupation or business required that they be outside the county of their residence on election day; and to (3) convicted misdemeanants and pre-trial detainees confined outside the county of their residence, but denied absentee voting privileges to the same class of inmates confined within the county of their residence, to be "wholly arbitrary."

The Supreme Court specifically noted that members of the class in *O'Brien* were "under no legal disability impeding their legal right to register or to vote; they are simply not allowed to use the absentee ballot." *O'Brien,* 414 U.S. at 530. Petitioners in the case before us, however, are under a legal disability pursuant to Sections 102(w) and 3101 of the Code and therefore, *O'Brien* is not controlling.

We therefore hold, as did our Supreme Court in *Ray,* that the provisions of the Code, excepting those confined in a penal institution from the definition of "qualified absentee elector", do not violate the state Constitution.

Petitioners allege that if they may not vote by absentee ballot, Respondents must permit them to visit the counties of their residence to register and to vote or must allow for mobile registration units to visit the prison and set up polling places therein on election days. This issue was addressed by the District Court for the Western District of Pennsylvania in *Ray v. Commonwealth,* 263 F. Supp. 630 (W.D. Pa. 1967).[15] In that

---

[15] This action was brought by the same inmate who brought the state court action previously discussed.

case, Ray brought an action in federal court seeking an order which could compel election officials to set up a voting procedure and equipment whereby he and other prisoners could vote. The district court there held[16] that since Ray was incarcerated, he could not appear at his regular polling place and that the Commonwealth would not be obligated to provide him with any polling place other than that place where he was properly registered. As the district court stated in its opinion:

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a withdrawal which is justified by the considerations underlying our penal system. To argue that the incarcerated person can be only incarcerated and not be deprived of the average person's ordinary rights as he would have had them if the prisoner were not convicted and sentenced and confined is, as a matter of common ordinary logic, absurd. It is only where fundamental, humane and necessary rights are breached that the constitutional protections become involved.

*Id.* at 631.

The district court listed examples of various rights whose limitation, when applied to persons who are incarcerated, have not been held unconstitutional. These include the right of unlimited access to the mails;[17] the right to unlimited access to the courts;[18] the right to

---

[16] Although recognizing Pennsylvania's legislation excepting prisoners from the definition of "qualified absentee elector", the district court did not rule on its constitutionality.

[17] *Labat v. McKeithen,* 243 F. Supp. 662 (E.D. La. 1965); *United States v. Fay,* 197 F. Supp. 855 (S.D. N.Y. 1961).

[18] *Gaito v. Prasse,* 312 F.2d 169 (3rd Cir. 1983) *cert. denied* 374 U.S. 816 (1963); *Hatfield v. Bailleaux,* 290 F.2d 632 (9th Cir. 1961), *cert. denied* 368 U.S. 862 (1961).

choice of work assignment,[19] and the right to unrestricted use of savings accounts.[20] *See also Tunnell v. Robinson,* 486 F. Supp. 1265 W.D. Pa. (1980), holding that a prisoner loses the right, except by special court order, to conduct ordinary business ventures.

Further, the United States Supreme Court has held the right of convicted felons to vote is not fundamental and that state laws disenfranchising felons are distinguished "from those other state limitations on the franchise which have been held invalid under the Equal Protection Clause" of the Fourteenth Amendment. *Owens,* 711 F.2d at 27, *citing Richardson v. Ramirez,* 418 U.S. 24, 54 (1974).

In sum we hold that the provisions of the Code which prevent convicted felons from voting by absentee ballot do not violate the state Constitution. We further hold that prisoners who have been deprived of their liberty by society do not have a right to be transported to their regular polling places to register and to vote, nor do they have a right to compel the State to provide them with registration and polling places within the confines of their respective state correctional institutions.

Finding that the petition for review fails to state a cause of action, we will sustain Respondents' demurrer. In light of this result, we need not address Respondents' other preliminary objections.

## ORDER

AND NOW, this 29th day of September, 1988, Respondents' preliminary objection in the nature of a demurrer, to the petition for review addressed to our original jurisdiction, is hereby sustained and said petition is dismissed with prejudice.

---

[19] *Bryant v. Harrelson,* 187 F. Supp. 738 (S.D. Tex. 1960).

[20] *Bailleaux v. Holmes,* 177 F. Supp. 361 (D. Or. 1959), *rev. on other grounds, sub. nom. Hatfield v. Bailleaux,* 290 F.2d 632 (9th Cir. 1961), *cert. denied* 368 U.S. 862 (1961).