Dear Dr. Spikes:
You have requested an opinion of this office concerning the following issue:
 "Whether inmates in the State Corrections Institute are wards of the State of Louisiana and thus would be considered as residents of the State for purposes of determining their eligibility for exemption from the payment of out-of-state fees at Southern University."
Your opinion request reveals that a number of inmates at state correctional institutions are scheduled to be enrolled at Southern University during the Fall 1992 semester, and that a large percentage of these inmates received their high school diplomas or general equivalency diplomas from institutions outside of the State. While Southern University generally admits persons who receive their diplomas from institutions outside of the State as out-of-state students subject to additional fees, an exception is made for those who can document that they have become wards of the State through a judicial proceeding.
It is the opinion of this office, under the statutory and case law of Louisiana, as well as the federal case law, that persons incarcerated in State correctional institutions are wards of the State, and thereby exempt from paying out-of-state tuition fees at Southern University under the rule you have stated.
R.S. 15:1701 et seq. sets forth the general state law governing prisons and prisoners. These sections establish, among other things, what requirements must be met regarding prisoners' housing, food, clothing, and medical care.
R.S. 15:703 provides:
 "The governing authority of each parish shall appoint annually a physician who shall attend the prisoners whenever they are sick."
R.S. 15:705 provides:
 "The sheriffs or jailkeepers shall supply each prisoner daily with wholesome food sufficient in quantity for the proper maintenance of life."
Section 705 further mandates that each prisoner be provided with "clothing suited to and sufficient for the season."
With reference to R.S. 15:701 et. seq., judicial interpretation indicates prisoners incarcerated in the parish jail, either awaiting trial or serving parish sentences, are wards of the parish and the sheriff is simply the Warden ("keepers") of the parish jail. Amiss v. Dumans. 411 So.2d 113
(La.App. 1st Cir. 1982). Although this case involves a parish prison, as opposed to a State correctional institution, this finding is equally applicable to a state correctional institution, since prisoners therein are wards of the state.
R.S. 15:824 provides in pertinent part:
 ". . . any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections. . ."
The Department of Corrections oversees state correctional institutions and is responsible for ensuring that their operation is not contrary to constitutional requirements.
R.S. 15:751 provides, in pertinent part:
 "All, jails prisons, lockups, camps, and all facilities, units, and rooms of such [facilities] . . . where prisoners are detained or confined must meet standards of health and decency which shall be established by the State division of health. The director of the Department of Corrections shall confer with the State health officer or his duly authorized representative concerning the establishment of such standards for all correctional institutions."
R.S. 15:760 further provides:
 "Where large numbers of prisoners are confined the proper authorities in charge shall provide hospital quarters with necessary arrangement, conveniences, attendants, etc."
The importance with which the legislature views the role of the prison system as caretaker of its prisoners is reflected in the language of R.S. 15:763:
 "Whenever the governing authority of any parish or municipality or the authority in charge of any State prison, lockup, or camp shall fail to comply with the provisions of this part, the State health officer shall institute through the Attorney General of the State, or through the District Attorney of the districts wherein the prison, lockup, or camp is situated, proper legal proceedings to enjoin, restrain and prohibit the parish or municipal governing authority, or the authorities in charge of the State prison or camp from using the prison, lockup, or camp for the purpose of confining prisoners until the provisions of this part have been complied with."
Beyond these requirements under Louisiana law, the conditions which must be met by all prisoners and other correctional institutions are dictated by the Eight Amendment of the United States Constitution, which prohibits cruel and unusual punishment. The general conditions of confinement are subject to Eight Amendment scrutiny. Dorrough v. Hogan,563 F.2d 1259, (5th Cir. 1977), rehearing denied, 567 F.2d 390, (5th Cir. 1978), cert. denied, 439 U.S. 850, 99 S.Ct. 153,58 L.Ed.2d 153 (U.S. 1978). Federal courts have determined that prison officials have a duty to provide a clean and sufficient bed and bedding to the prisoners in their custody, Toussant v. Rushen,553 F. Supp. 1365,(N.D. CA 1983), affirmed in part 722 F.2d 1490; (9th Cir. 1984); that clothing is a basic necessity of human existence of which an inmate cannot be deprived, Maxwell v. Mason, 668 F.2d 361; (8th Cir. 1981); that prison officials must provide food to prisoners that is nutritionally adequate, prepared and served under sanitary conditions, Ramas v. Lamm,520 F. Supp. 1059; (Co. D.C. 1981); and that the government and prison officials have a duty to provide the needed medical care to which prisoners are constitutionally entitled, Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977).
Therefore, State correctional institutions are constitutionally mandated to provide for prisoners the same things that parish jails must provide under R.S. 17:70 et. seq. As the duty owed prisoners by the parishes makes those prisoners "wards" of the parish, clearly the duty owed by the State prisons to their charges makes those prisoners "wards" of the State."
Further, federal courts have showed no hesitation to recognize prisoners as "wards" of the State. See for example, Hamilton v. Covington, 445 F. Supp. 195 (1978)("either the Eight or Fourteenth Amendment is violated when those charged with care for incarcerated persons fail to take reasonable measures to protect the lives and safety of their wards in the event fire should break out in the jailhouse"); Ray v. Pennsylvania,263 F. Supp. 630 (W.D. Pa. 1967) ("many matters have been brought to the attention of the courts regarding suppression of rights of individuals after they have been incarcerated and become the wards of the Government because of convictions of a crime and sentence therefore"); Cohen v. United States, 252 F. Supp. 679
(N.D. Ga. 1966). "It is a marvelous commentary on our legal system that [the prisoner's] claim can be prosecuted without regard to [his] standing as a . . . ward of the State").
Also, Attorney General Opinion Number 79-1502 recognizes inmates on work release as "wards of the state." ("Such a working relationship differs from a non-inmate situation only in respect to the inmate being a ward of the State").
Therefore, it is the opinion of this office that, as to the tuition policy of Southern University as described in your request, inmates at State correctional institutions are wards of the State of Louisiana and eligible for exemption from the payment of out-of-state tuition fees.
We hope the above discussion adequately responds to the issue raised in your request. If I can be further assistance, please do not hesitate to contact this office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0120p