# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heath Gray,                      :
              Petitioner           :
                                     :
             v.                     :    No. 442 M.D. 2023
                                       :    Submitted: August 9, 2024
Department of State,           :
             Respondent      :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER        FILED: December 20, 2024

Before the Court are Preliminary Objections filed by the Department of State (Department) to a Petition for Review (Petition) filed in our original jurisdiction by Heath Gray (Gray), in which Gray contends certain provisions of the Pennsylvania Election Code[1] (Election Code) are unconstitutional as they prohibit incarcerated, convicted felons, such as himself, from participating in elections. The Department asserts the Court lacks jurisdiction as there was no agency adjudication from which to appeal and challenges the legal sufficiency of the Petition, asserting the Supreme Court has already passed on the constitutionality of the Election Code provisions as they relate to prohibiting incarcerated felons from voting. Upon review, we overrule the Department's first Preliminary Objection on the basis of jurisdiction and sustain its second Preliminary Objection in the nature of a demurrer.

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

## I.    THE PARTIES' FILINGS

In the Petition, Gray avers as follows.  In July and August 2023, Gray sent a request to the Department requesting information on registering to vote, both of which went unanswered.  (Petition at IV.)[2]  In August 2023, Gray also requested a voter registration form from an official at the State Correctional Institution (SCI), which was denied based upon information from the Department.  (*Id.* at V.)[3]  According to Gray, he meets all the constitutional qualifications listed, yet is excluded because he is an incarcerated felon, which violates the Pennsylvania Constitution. (*Id.*)  Gray avers he "appealed this poor decision to [the Department]," which again did not respond.  (*Id.*)  Gray further contends the General Assembly's exclusion of incarcerated felons in Sections 101(w), 1301,[4] and 1301-D(b)[5] of the Election Code, 25 P.S. §§ 2602(w), 3146.1, and 3150.11(b), goes beyond the qualifications for electors found in the Pennsylvania Constitution and, therefore, those provisions are "null and void."  (*Id.* at V, XV, 10.)  Gray recognizes that the General Assembly has certain authority related to voter registration but denies that extends to excluding individuals who meet the constitutional eligibility requirements.  (*Id.* at 8-10, 16.)  Such exclusion, according to Gray, can only be done through a constitutional amendment.  (*Id.* at 14, 19.)  Gray requests that the Court order the Department to "start facilitating the right of suffrage on confined felons like [him] who would now like to register in compliance with our laws and vote by mail-in[] ballot."  (*Id.* at 24.)

---

[2] Some of the averments in the Petition are not in numbered paragraphs.  Therefore, we cite to the applicable page number.

[3] Gray includes the correspondence purportedly sent to the Department as well as his request to the SCI official and the response thereto with the Petition.

[4] Section 1301 was added by Section 11 of the Act of March 6, 1951, P.L. 3.

[5] Section 1301-D was added by Section 8 of the Act of October 31, 2019, P.L. 552.

The Department filed its Preliminary Objections, asserting two bases for dismissal of the Petition. First, it asserts the Court lacks jurisdiction over the Petition.[6] The Department explains the Petition states it is "appealing" the Department's decision, but there was no administrative or government agency decision from which Gray could appeal. (Preliminary Objections ¶¶ 22, 25.) The only decision issued was by the SCI official, which, the Department contends, is not a final governmental agency decision subject to review. According to the Department, "[a]s there has been no administrative agency decision, . . . [the] Petition . . . is the improper vehicle to challenge the alleged unconstitutionality of the three provisions of the Election Code." (*Id.* ¶ 28.)

Second, the Department filed a demurrer to the Petition, challenging its legal sufficiency. In support of this Preliminary Objection, the Department argues two of the challenged provisions of the Election Code (Sections 102(w) and 1301) have previously been adjudicated constitutional, citing the Supreme Court's decision in *Ray v. Commonwealth*, 276 A.2d 509 (Pa. 1971), and our decisions in *Martin v. Haggerty*, 548 A.2d 371 (Pa. Cmwlth. 1988), and *Mixon v. Commonwealth*, 759 A.2d 442 (Pa. Cmwlth. 2000). Therefore, the Department contends, the doctrine of *stare decisis* applies and the Court should sustain the Department's Preliminary Objection on this basis. As for the third challenged provision of the Election Code (Section 1301-D(b)), the Department contends this, too, is controlled by *Ray* as it involves a similar definition of qualified elector. Finally, to the extent Gray is asserting the provisions violate the United States Constitution in some way, the Department contends the federal courts have already rejected that argument, citing *Owens v. Barnes*, 711 F.3d 25 (3d Cir. 1983), *cert. denied*, 464 U.S. 963 (1983).

_____

[6] In its brief, the Department clarifies the basis of its Preliminary Objection is an alleged lack of **appellate** jurisdiction.

3

The Department requests that the Court sustain its Preliminary Objections and dismiss the Petition with prejudice.

As the parties have briefed the Preliminary Objections, they are ripe for consideration.

## II.    DISCUSSION

When ruling on preliminary objections, the Court must accept all well-pleaded factual allegations as true, along with any inferences reasonably deduced therefrom. *Neely v. Dep't of Corr.*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2003). Importantly, "[t]he Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018). Preliminary objections should not be sustained unless it "appear[s] with certainty that the law will not permit recovery and any doubt should be resolved by a refusal to sustain them." *Neely*, 838 A.2d at 19 n.4.

We begin first with the Department's Preliminary Objection challenging this Court's appellate jurisdiction on the basis that there is no agency adjudication from which Gray is appealing. While preliminary objections are permitted in our original jurisdiction, pursuant to Pennsylvania Rule of Appellate Procedure 1516(a), "**[n]o answer or other pleading** to an appellate jurisdiction petition for review is authorized . . . ." Pa.R.A.P. 1516(a) (emphasis added). Here, the Petition was docketed in our **original** jurisdiction. Therefore, whether we lack appellate jurisdiction is not at issue. Accordingly, we overrule the Department's Preliminary Objection that we lack appellate jurisdiction over the Petition.

Before turning to the Department's second Preliminary Objection, which is a demurrer to the Petition, we first examine the constitutional provisions upon which Gray relies. Article I, section 5 of the Pennsylvania Constitution provides "[e]lections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage." PA. CONST. art. I, § 5. Article VII, section 1 sets forth the qualifications for electors, generally:

> Every citizen twenty-one years of age, possessing the following qualifications, shall be entitled to vote at all elections subject, **however, to such laws requiring and regulating the registration of electors as the General Assembly may enact.**
>
>   1. He or she shall have been a citizen of the United States at least one month.
>
>   2. He or she shall have resided in the State ninety (90) days immediately preceding the election.
>
>   3. He or she shall have resided in the election district where he or she shall offer to vote at least sixty (60) days immediately preceding the election, except that if qualified to vote in an election district prior to removal of residence, he or she may, if a resident of Pennsylvania, vote in the election district from which he or she removed his or her residence within sixty (60) days preceding the election.

PA. CONST. art. VII, § 1 (emphasis added).

Article VII, section 14 relates to absentee voters, providing:

> **The Legislature shall, by general law, provide a manner** in which, and the time and place at which, qualified electors who may, on the occurrence of any election, be absent from the municipality of their residence, because their duties, occupation or business require them to be elsewhere or who, on the occurrence of any election, are unable to attend at their proper polling places because of illness or physical disability or who will not attend a polling place because of the observance of a religious holiday or who cannot vote because of election day duties, in the case of a county employee, may vote, and for

5

the return and canvass of their votes in the election district in which they respectively reside.

PA. CONST. art. VII, § 14 (emphasis added).

The above constitutional provisions make evident that the General Assembly retains the authority to enact laws related to elections. Gray challenges three provisions of the Election Code as falling outside that authority: Sections 102(w), 1301, and 1301-D(b). Section 102(w) of the Election Code defines the term "qualified absentee elector," but expressly provides, in relevant part, "[t]hat the words 'qualified absentee elector' shall in nowise be construed to include persons confined in a penal institution . . . ." 25 P.S. § 2602(w). Section 1301 of the Election Code sets forth the requirements for qualified absentee electors and, like Section 102(w), expressly provides, in relevant part, "[t]hat the words 'qualified absentee elector' shall in nowise be construed to include persons confined in a penal institution . . . ." 26 P.S. § 3146.1. Section 1301-D(a) provides "[a] qualified mail-in elector shall be entitled to vote by an official mail-in ballot in any primary or election held in this Commonwealth in the manner provided under this article." 25 P.S. § 3150.11(a). Paragraph (b) provides "[t]he term 'qualified mail-in elector' shall not be construed to include a person not otherwise qualified as a qualified elector in accordance with the definition in [S]ection 102(t)." 25 P.S. § 3150.11(b). Section 102(t) provides: "The words 'qualified elector' shall mean any person who shall possess all of the qualifications for voting now or hereafter prescribed by the Constitution of this Commonwealth, or who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before the next ensuing election." 25 P.S. § 2602(t).

In *Ray*, an inmate sought to enjoin the enforcement of a former provision of the Election Code, which "except[ed] 'any person committed and confined in a penal

6

institution' from the definition of 'absentee elector.'" 276 A.2d at 509. The inmate challenged the provision on the basis it was inconsistent with article I, section 5 and article VII, section 14 of the Pennsylvania Constitution. *Id.* at 510. The Supreme Court rejected the inmate's arguments, reasoning electors must be qualified under either provision and the General Assembly has the authority to define who is qualified. *Id.* The Supreme Court held: "This Court does not sit to judge the wisdom of the Legislature's policies. The exception as enacted is within the permissible scope of legislative authority and we are satisfied that it does not violate any provisions of either the Pennsylvania or United States Constitutions." *Id.*

Approximately a decade later, the Third Circuit Court of Appeals rejected a challenge by a convicted felon who claimed the Election Code provisions forbidding his ability to vote via absentee ballot violated equal protection principles under the Fourteenth Amendment of the United States Constitution, U.S. CONST. amend. XIV. *Owens*, 711 F.2d at 26.

Our Court has likewise rejected similar challenges. In *Martin*, a group of incarcerated individuals filed a class action petition seeking declaratory and injunctive relief as to their right to register and vote. 548 A.2d at 372. In particular, the petitioners there asserted, as Gray does here, that the General Assembly effectively redefined elector qualifications by enacting the exclusion in Sections 102(w) and 1301 of the Election Code. *Id.* at 374. The Secretary of State filed a demurrer to the petition. In examining Sections 102(w) and 1301 of the Election Code, we stated the General Assembly "has not seen fit to extend the privilege of voting by absentee ballots to all citizens otherwise qualified who for some reason other than those listed in Section 1301 of the [Election] Code cannot attend their regular place," and "[i]t is in the Legislature's prerogative to regulate registration

7

and thus decide who may receive an absentee ballot." *Id.* at 375. Thus, consistent with *Ray*, we held the Election Code provisions did not violate the Pennsylvania Constitution. *Id.*

We reached a similar result in *Mixon*. There, a group of incarcerated felons filed a petition in our original jurisdiction seeking a declaration that the Election Code provisions were unconstitutional.[7] *Mixon*, 759 A.2d at 444. The Commonwealth and Secretary of the Commonwealth demurred to the petition. An *en banc* panel of this Court found *stare decisis* precluded the petitioners' claim based on *Ray* and *Martin*. *Id.* at 447-48. We further explained: "Although every citizen has a general right to vote, states have broad powers to determine the conditions under which the right of suffrage may be exercised, and an individual's criminality is a factor which a state may take into consideration in determining the qualifications of voters." *Id.* at 448 (citation omitted). The Court examined the historical treatment of inmates, through ancient Rome to the mid-1990s, at which time 46 states did not allow incarcerated individuals to vote. *Id.* The Court also recounted decisions from across the country upholding a state's authority to exclude convicted felons from voting. *Id.* at 449. The Court explained that "[t]he authority of the legislature to promulgate laws regulating elections was settled long ago in *Patterson v. Barlow,* 60 Pa. 54 (1869)," which held:

> It is admitted that the Constitution cannot execute itself, and that the power to regulate elections is a legislative one, which has always been exercised by the General Assembly since the foundation of the government. The Constitution appoints the time of the general election,

---

[7] A group of ex-felons who had been released from prison also challenged the Pennsylvania Vote Registration Act, Act of June 30, 1995, P.L. 170, 25 P.S. §§ 961.101-961.5109, repealed by Section 5(2) of the Act of January 31, 2002, P.L. 18, which prohibited released felons from registering to vote within five years of release from incarceration. We overruled the preliminary objection as it related to that claim.

8

prescribes the qualifications of voters, and enjoins the ballot; and for all the rest the law must provide. . . . This undoubted legislative power is left by the Constitution to a discretion unfettered by rule or proviso, save the single injunction "that elections shall be free and equal." But to whom are the elections free? They are free only to the *qualified* electors of the Commonwealth. . . . There must be a means of distinguishing the qualified from the unqualified . . . and therefore the legislature must establish . . . the means of ascertaining who are and who are not the qualified electors. . . .

*Mixon*, 749 A.2d at 450 (quoting Patterson, 60 Pa. at 75) (emphasis in original). We continued:

The General Assembly has done this, and despite the [r]egistered [f]elons' arguments to the contrary, we see no constitutional infirmity here. Under the laws enacted within this Commonwealth, we again hold, as we did in *Martin* . . . and our State Supreme Court did in *Ray* . . . , that incarcerated felons are not qualified absentee electors.

*Mixon*, 759 A.2d at 450.

We agree with the Department that, under the doctrine of *stare decisis*, we are bound by *Ray*, *Martin*, and *Mixon*. "The doctrine of *stare decisis* maintains that for purposes of certainty and stability in the law, a conclusion reached in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may be different." *In re Angeles Roca First Jud. Dist. Phila. Cnty.*, 173 A.3d 1176, 1187 (Pa. 2017) (internal quotation marks omitted) (citation omitted).

Gray urges us to overturn this precedent on the basis it was wrongly decided. However, we discern no reason to revisit these holdings and decline to do so. Moreover, even if we were inclined to do so, while an *en banc* panel of this Court could overturn our own prior decisions, *Commonwealth v. Rosario*, 294 A.3d 338, 352 (Pa. 2023), we are powerless to overturn a decision by the Pennsylvania Supreme Court, *Zauflik v. Pennsbury School District*, 72 A.3d 773, 783 (Pa. Cmwlth. 2013).

9

Because the issue of whether an incarcerated, convicted felon can vote in this Commonwealth is controlled by *Ray*, *Martin*, and *Mixon*, we conclude Gray's Petition fails as a matter of law. Accordingly, we sustain the Department's Preliminary Objection on this basis.

## III.    CONCLUSION

Based upon the foregoing, we overrule the Department's first Preliminary Objection on the basis of jurisdiction. However, we sustain the Department's second Preliminary Objection in the nature of a demurrer and dismiss Gray's Petition.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heath Gray,                :

        Petitioner      :

                         :

        v.              :   No. 442 M.D. 2023

                         :

Department of State,      :

        Respondent    :

## O R D E R

**NOW**, December 20, 2024, the Preliminary Objection filed by the Department of State (Department) on the basis of jurisdiction is **OVERRULED**. The Department's Preliminary Objection in the nature of a demurrer is **SUSTAINED**, and the Petition for Review filed by Heath Gray is **DISMISSED**.

_____
**RENÉE COHN JUBELIRER,** President Judge