The Honorable Troy Findley State Representative, 46th District State Capitol, Rm. 272-W Topeka, Kansas 66612-1504
Dear Representative Findley:
As state representative for the forty-sixth district, you request our opinion regarding registration of voters. Specifically, you ask whether registration of voters may occur at an event which is not open to members of the public.
"In decision after decision, [the United States Supreme Court] has made clear that a citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction. (Citations omitted.)" Dunn v. Blumstein, 405 U.S. 330, 336,31 L.Ed.2d 274, 92 S.Ct. 995 (1972). In this vein, the Kansas legislature has prescribed "[i]t is the duty of all legally qualified voters to register to vote." K.S.A. 25-2302. Registration is accomplished by submitting to the county election officer a completed application containing such information as is necessary to identify the applicant and to determine the qualifications of the applicant as an elector and the facts authorizing such person to be registered. K.S.A.25-2309.
 "Any person may apply in person or by mail to the county election officer to be registered. Such application shall be made on a form approved by the secretary of state, which shall be provided by the county election officer upon request in person, by telephone or in writing by an individual applicant." K.S.A. 25-2309.
Upon receipt of a complete and correct application, the county election officer is obligated to send to the applicant, by non-forwardable first-class mail, a certificate of registration. K.S.A. 25-2309. "Registration shall not be considered completed until the certificate of registration is received by the applicant." Id.
In order to facilitate registration, the legislature has authorized the county election officer to appoint deputy county election officers and designate places of registration. See K.S.A. 25-2303; 25-2311.
 "Places of registration which are in the main office building of the county government in the case of election commissioners and in the main offices of the city government in the case of city clerks shall be open during the same business hours as any such building is open generally for business. County election officers may provide that any place of registration shall be open for registration on Saturdays or for additional hours on any day or days that registration of voters may be provided." K.S.A. 25-2312.
 "County election officers may provide for additional places of registration. Such additional places may be located other than in buildings in the event such places are determined to be suitable by the county election officer." K.S.A. 25-2313.
The county election officer is obligated to cause publication in a newspaper having general circulation in the county a notice of the places and dates for registration. K.S.A. 25-2310.
In Devlin v. Osser, 254 A.2d 303 (Pa. 1969), the supreme court of Pennsylvania reviewed whether to enjoin the use of an industrial plant for registration of voters. Registration of voters was occurring in the cafeteria of the plant, an area open only to employees of the plant, and in the lobby of the plant, an area which was open to the public but was "inherently inadequate and unequal" to the cafeteria facilities.Devlin, 254 A.2d at 305. Pennsylvania statutes did not expressly provide that places of registration were to be open to the public. However, statutory provisions did provide that each place of registration was to be "open for the registration of voters" and that the address of each place of registration be "publicly announced." Id. at 304-05. Sites which the legislature expressly provided could be designated as places of registration were polling places, schools, and public buildings, all sites which by their very nature were open to the public at large. Id. at 305. Utilizing the rules of statutory construction, the court determined the legislative intent was that places of registration be open to the public at large. Further, the court stated:
 "A system in which the right to register at a particular place is denied to all but a select few is at least as constitutionally faulty as one in which the weight of a person's vote is diluted because of his place of residence. [Citations omitted.] Moreover, the possibilities for abuse are overwhelming. To give the most flagrant example, simply suppose a registration at the headquarters of a particular party. It is thus our firm view, guided by numerous rules of statutory construction, that all places of registration must be open to the public." Devlin, 254 A.2d at 305.
The statutory provisions reviewed in Devlin are similar to statutory provisions addressing registration of voters in Kansas. The Kansas legislature has required that places of registration be open, see K.S.A.25-2312, and that addresses of such places be publicly announced. K.S.A. 25-2310. The legislature has also recognized that places of registration may be located in the main office building of the county government and the main offices of the city government, K.S.A. 25-2312, locations which are by their nature open to the public at large. Given the similarities in the statutory provisions regarding registration of voters in Pennsylvania and Kansas, and the applicable rules of statutory construction, we believe the analysis used in Devlin would be utilized in Kansas. Therefore, it is our opinion that it is the intent of the Kansas legislature that places of registration of voters be located in buildings or other areas that are open to the public at large.
This conclusion would likewise be reached when considering the state's obligations under the national voter registration act (NVRA),42 U.S.C.A. §§ 1973gg et seq. In enacting the NVRA, congress found that:
 "(1) the right of citizens of the United States to vote is a fundamental right;
 "(2) it is the duty of the Federal, State, and local governments to promote the exercise of that right; and
 "(3) discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for Federal office and disproportionately harm voter participation by various groups, including racial minorities." 42 U.S.C.A. § 1973gg.
In order to enhance the participation of eligible citizens as voters in elections for federal office, congress mandated that the agencies and offices listed in 42 U.S.C.A. § 1973gg-5 be designated as voter registration agencies. Nongovernmental offices may be designated as voter registration agencies. 42 U.S.C.A. § 1973gg-5. Pursuant to subsection (4)(A) of 42 U.S.C.A. § 1973gg-5, each voter registration agency is required to provide distribution of mail voter registration application forms, assist in the completion of voter registration application forms, and accept completed voter registration application forms for transmittal to the appropriate election official.
 "(5) A person who provides service described in paragraph (4) shall not —
 "(A) seek to influence an applicant's political preference or party registration;
 "(B) display any such political preference or party allegiance;
 "(C) make any statement to an applicant or take any action the purpose or effect of which is to discourage the applicant from registering to vote; or
 "(D) make any statement to an applicant or take any action the purpose or effect of which is to lead the applicant to believe that a decision to register or not to register has any bearing on the availability of services or benefits." 42 U.S.C.A. § 1973gg-5
(emphasis added).
Operating as a place of registration a site in a building or area in which persons seeking to register to vote are denied admittance certainly has the effect of discouraging those applicants who are denied admission from registering to vote, resulting in a violation of the NVRA. Remedy for violations of the NVRA may be sought by the person aggrieved or the U.S. attorney general and may include assessment of reasonable attorney fees, including litigation expenses, and costs of the prevailing aggrieved party. 42 U.S.C.A. § 1973gg-9.
The fact that some voters may have been registered to vote at a place of registration which was not open to the public does not necessarily invalidate the votes cast by such electors. "[W]here an irregularity in registration is due to the act or default of the registration officers, the vote of the person so irregularly registered will not be rendered invalid unless there has been an utter disregard of the law." 25 Am.Jur.2d Elections § 111 (1966).
In review, a citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction. In order to ensure exercise of this right, state statute and the NVRA require that sites designated as places of registration be open to the public at large. Designation of sites which are not open to the public at large may result in legal action against the public entity responsible for the operation of the place of registration.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm