**MOUNTAIN VILLAGE, Appellant,**

v.

**The BOARD OF SUPERVISORS of LONGSWAMP TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued March 31, 2003.
Decided June 12, 2003.
Reargument Denied Aug. 11, 2003.

Dominic DeCecco, Wyomissing, for appellant.

Richard L. Orwig, Reading, for appellee.

BEFORE: McGINLEY, Judge, and SMITH–RIBNER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Mountain Village appeals from an order of the Court of Common Pleas of Berks County, which in a declaratory judgment proceeding granted summary judgment in favor of the Board of Supervisors of Long-

swamp Township (Township) and ordered Mountain Village to pay all costs, including legal fees, billed by the Township for the review of Mountain Village's proposed mobile-home park expansion. Mountain Village questions (1) whether the trial court erred by granting summary judgment in favor of the Township as the nonmoving party; (2) whether Sections 503 and 510 of the Pennsylvania Municipalities Planning Code (MPC)[1] apply to the legal fees of a municipality's solicitor; (3) whether the solicitor's fees billed to Mountain Village were for the "review of plats" and "report thereon" as required by Section 503 of the MPC; and (4) whether the trial court erred by ordering Mountain Village to pay all costs billed by all of the Township's professionals.

In June 1998 Mountain Village submitted to the Township an application and preliminary land development plan for a 110–unit expansion of a mobile home park. Pursuant to Section 503(1) of the MPC, 53 P.S. § 10503(1), and the Township's fee schedule resolution, the Township billed Mountain Village $6500 in review fees, an amount that did not include legal fees.[2] Mountain Village paid that bill. At its October 1998 meeting the Township voted to reject the proposed expansion, and in November it sent a second, cumulative bill to Mountain Village for $20,034.58 in review fees, which, allowing for the $6500 already paid, left a $13,534.58 balance. The second billing listed $5964.58 in engineering consulting fees and $14,070 in legal fees for plan review and related work by the Township's solicitor. Mountain Village filed a Notice of Disputed Review Fees with the Township, asserting that a solicitor's legal fees were not recoverable under Section 503 of the MPC.

On January 14, 1999, Mountain Village filed a complaint in the court of common pleas under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, requesting the court to declare, *inter alia*, that under Sections 503 and 510 of the MPC, a municipality cannot charge review fees for the legal services of a solicitor. After close of the pleadings and completion of discovery, Mountain Village filed its motion for summary judgment. The Township filed an answer in opposition and requested in the alternative that summary judgment be granted in its favor. After the submission of briefs and oral argument the trial court granted summary judgment to the Township.

In its opinion in support of the order the court stated that Section 503 did not prohibit the assessment of legal fees, that a lawyer was a "professional consultant" as contemplated by Section 503, and that under Section 510 fee-dispute resolution procedures it would be acceptable for an engineer to review the reasonableness of legal fees. The court cited *J.R.W., Inc. v. Manchester Borough Council*, 148 Pa. Cmwlth. 238, 610 A.2d 1078 (1992), for the proposition that a municipality may charge legal fees for the review of subdivision plans so long as the amount charged is based upon the cost to the municipality. Finally, the court stated that it had not erred in granting summary judgment even though the Township had not filed a separate motion because the Township had requested such relief in its answer to Mountain Village's motion and had presented a draft order granting such relief and Mountain Village had not objected at argument.[3]

1. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10503 and 10510.

2. The Township's fee schedule resolution is attached to Mountain Village's Complaint filed with the trial court.

3. This Court's review of the trial court's order

■ The first question the Court must address is whether Sections 503 and 510 of the MPC permit a municipality to charge legal fees as part of its review of land development applications and plans.[4] Mountain Village argues that the Township's interpretation of Section 503 would require professional engineers, under Section 510(g), to determine the propriety of legal fees, a clearly absurd result; that Section 503 contemplates fees only for engineering, geological and similarly technical reviews; and that neither *J.R.W., Inc.* nor any other case law supports the Township's position. The Township maintains that Section 503 allows fees for the review of "professionals" and points out that it charged Mountain Village legal fees only for plan review and not for any litigation costs. In addition, the Township's solicitor was required to review numerous documents and nearly thirty years of development history in order to render legal opinions regarding the current request. The Township cites *J.R.W., Inc.* and *Ballou v. State Ethics Commission*, 496 Pa. 127, 436 A.2d 186 (1981), for the contention that it may charge legal fees and that lawyers are deemed "consultants" in Section 503.

Section 503, relating to contents of subdivision and land development ordinances, provides in pertinent part:

> The subdivision and land development ordinance may include, but need not be limited to:
>
> (1) Provisions for the submittal and processing of plats, including the charging of review fees.... Such plats and surveys shall be prepared in accordance with ... the "Engineer, Land Surveyor and Geologist Registration Law," except that this requirement shall not preclude the preparation of a plat in accordance with the ... "Landscape Architects' Registration Law".... Review fees may include reasonable and necessary charges by the municipality's professional consultants or engineer for review and report thereon to the municipality.... Such review fees shall be reasonable and in accordance with the ordinary and customary charges by the municipal engineer or consultant for similar service in the community, but in no event shall the fees exceed the rate or cost charged by the engineer or consultant to the municipalities....
>
> ....
>
> (ii) In the event that the municipality and the applicant cannot agree on the amount of review fees which are reasonable and necessary, then the applicant and the municipality shall follow the pro-

granting summary judgment is limited to deciding whether the court committed an error of law or abused its discretion. *Greenleaf v. Southeastern Pennsylvania Transportation Authority*, 698 A.2d 170 (Pa.Cmwlth.1997). Summary judgment is appropriate when, after review of the record in the light most favorable to the nonmoving party, it is determined that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* Motions for summary judgment are appropriate under the Declaratory Judgments Act. 42 Pa.C.S. § 7533; *J.R.W., Inc.*

4. Mountain Village first argues that the trial court improperly granted summary judgment to the Township as a non-moving party. Generally, summary judgment may not be granted in favor of a non-moving party, but the Township requested summary judgment as alternative relief in its answer and Mountain Village did not object. The parties in cases that Mountain Village cited in whose favor summary judgment was granted did not request summary judgment in any manner, whether by formal motion or otherwise. *See Sidkoff, Pincus, Greenberg & Green, P.C. v. Pennsylvania National Mutual Casualty Ins. Co.*, 521 Pa. 462, 555 A.2d 1284 (1989), and *Bensalem Township School District v. Commonwealth*, 518 Pa. 581, 544 A.2d 1318 (1988).

cedure for dispute resolution set forth in section 510(g). . . .

Section 510(g), 53 P.S. § 10510(g), addresses the procedure that a municipal engineer must follow in inspecting and reviewing certain "improvements" and in subsection(g)(2) provides that if the applicant and municipality cannot agree on the amount of fees for such inspection and review, the parties shall "appoint another professional engineer licensed as such in the Commonwealth of Pennsylvania to review the said expenses and make a determination as to the amount thereof which is reasonable and necessary."[5]   53 P.S. § 10510(g)(2).

The Court is not persuaded that the foregoing statutory sections when read in their entirety authorize a municipality to charge its solicitor's legal fees to a land development applicant for the legal review of proposed land development plans. Neither Section 503 nor Section 510 contains any specific language relating to the legal review of development plans or the assessment of attorneys' fees. Although Section 503 refers to fees for the services of a municipality's "professional consultants" or "consultant," those terms are not defined in the MPC. References in Section 503 and Section 510 to what may be termed "scientific professionals"—engineers, land surveyors, geologists and landscape architects—indicate that the sections contemplate fees only for such technical reviews.

◼ Under the maxim *noscitur a sociis*, words are known from their associates or by the company that they keep.  *Devlin v.*

*Osser*, 434 Pa. 408, 254 A.2d 303 (1969). *See also City of Philadelphia v. Gi Nam*, 273 F.3d 281 (3d Cir.2001) (under the maxim the meaning of an ambiguous statutory term may be derived from the meaning of accompanying terms).  Applying this maxim and following well-settled principles of statutory construction, the Court concludes that the terms "professional consultants" and "consultants" refer to members of technical, scientific occupations who render services in connection with plan reviews.  Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903 (statutory words and phrases are construed according to common and approved usage).  Consequently, the legal fees in this case do not fall within the category of those review fees recoverable under Section 503 or 510 of the MPC.

The decisions in *J.R.W., Inc.* and *Ballou* do not alter the Court's reasoning.  In *J.R.W., Inc.* the issue was whether a municipality that had not enacted a review fee schedule could charge such fees when newly passed amendments to the MPC required such fee schedules.  The appellant had submitted development plans and, while they were being reviewed but before any fees were assessed, the legislature enacted Act 170[6] specifically allowing review fees and providing in Section 503(1) of the MPC that "[s]uch review fees shall be based upon a schedule established by ordinance or resolution."  The municipality did not have a fee schedule, and the appellant argued that the Act 170 fee-schedule requirement should apply retroactively and

---

5.  Section 503(1)(ii) was amended by Section 10 of the Act of June 23, 2000, P.L. 495, which reiterated that Section 510(g) fee-dispute procedures were to be followed but added that "the professionals resolving such dispute shall be of the same profession or discipline as the consultants whose fees are being disputed."   53 P.S. § 10503(1)(ii). The Court need not decide whether this

amendment is applicable to this appeal, for the amended language would not change the Court's disposition.

6.  Act of December 21, 1988, P.L. 1329.  Section 32 of Act 170 rewrote Section 503 into what is substantially the present-day language.

 

in the alternative that the municipality could not assess legal fees under either the old or amended version of Section 503.

Declining in *J.R.W., Inc.* to apply the amended version of Section 503, this Court concluded that under the prior version of Section 503 legal fees were permissible, but it specifically noted that Act 170 did not apply to that case and that the Court would not engage in dicta as to whether Act 170 allows a municipality to include legal charges in its review fee or for that matter whether attorneys are deemed professional consultants under the act as the borough had contended. Thus *J.R.W., Inc.* is not controlling precedent. Still less relevant is *Ballou* in which the Supreme Court merely held that, for purposes of the financial disclosure requirements under the former Public Official and Employee Ethics Law,[7] an attorney acting as a municipality's legal advisor resembled one whom the law defined as a "State consultant," rather than as a "public employee" or "public official" who fell within the disclosure provisions. Absent legislative intent, the court refused to treat municipal solicitors differently for disclosure purposes.

In holding that Sections 503 and 510 of the MPC permit the assessment of a solicitor's legal fees for the review of land development plats and plans, the trial court committed an error of law, and because there are no genuine issues of material fact Mountain Village is entitled to summary judgment on that issue. *See Bacon v. Tucker,* 128 Pa.Cmwlth. 575, 564 A.2d 276 (1989). Accordingly, the court's order is reversed, and this case is remanded for entry of summary judgment in favor of Mountain Village.

7. Act of October 4, 1978, P.L. 883, *as amended, formerly* 65 P.S. §§ 401–409, 410.1–413, repealed by Section 6(a)(2) of the Act of Octo-ber 15, 1998, P.L. 729. *See* similar provisions in the Public Official and Employee Ethics Act, 65 Pa.C.S. §§ 1101–1113.

## ORDER

AND NOW, this 12th day of June, 2003, the order of the Court of Common Pleas of Berks County is hereby reversed, and this case is remanded with instructions that summary judgment be entered in favor of Mountain Village consistent with the foregoing opinion.

Jurisdiction is relinquished.