874 A.2d 1

**MOUNTAIN VILLAGE, Appellee**

v.

**The BOARD OF SUPERVISORS OF LONGSWAMP TOWNSHIP, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 1, 2004.

Decided May 16, 2005.

Richard L. Orwig, Reading, Jill E. Nagy, for Bd. of Supervisors of Longswamp Township.

Stephen J. Dzuranin, Thomas L. Wenger, Harrisburg, Jeffrey Concini Clark, for Pennsylvania State Association of Township Supervisors.

David E. Turner, Lynne K. Beust, Wyomissing, for Mountain Village.

Before CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, BAER, JJ.

## *OPINION*

Justice NEWMAN.

In this case, we determine whether a municipality that incurred legal fees in 1998 in reviewing a land development plan can pass those costs on to the project applicant. For the reasons that follow, we find that the municipality cannot assess its legal fees to the developer and, as a result, we affirm the Order of the Commonwealth Court, which reversed the Order of the Court of Common Pleas of Berks County (trial court) and remanded the matter to the trial court for entry of summary judgment in favor of Mountain Village.

## FACTS AND PROCEDURAL HISTORY

Appellee Mountain Village is a Pennsylvania limited partnership. It owns and operates the Mountain Village Mobile Home Park, which is located in Longswamp Township, Berks County. On June 5, 1998, Mountain Village filed an application with Appellant, the Board of Supervisors of Longswamp Township (Township), for a 110–unit expansion of the mobile home park.[1] In accordance with its application, Mountain Village also filed a preliminary land development plan on that same date, pursuant to the Longswamp Township Subdivision and Land Development Ordinance.

On June 9, 1998, the Township Manager sent Mountain Village a letter that contained the following fee schedule:

| | |
|---|---|
| Application Fee | 500.00 |
| Per Lot Review ($50.00 × 110 lots) | 5,500.00 |
| Storm Water calculation review | 500.00 |
| **Total** | **$6,500.00** |

Mountain Village paid this $6,500.00 fee.

In September and October of 1998, Mountain Village presented its plan to the Township, which rejected it on October 13, 1998. On November 13, 1998, the Township Manager sent Mountain Village an invoice, as follows:

| | |
|---|---|
| Invoices for Hanover Engineering | 5,964.58 |
| Invoices from Richard L. Orwig, Esq. | 14,070.00 |
| Total | 20,034.58 |
| Pre-paid fees | 6,500.00 |
| **Total due to Township** | **$13,534.58** |

Richard Orwig, Esq. is the Solicitor for the Township, and Hanover Engineering Associates, Inc. (Hanover) is the Township Engineer.

The Township had enacted a Resolution regarding fee schedules, which provided:

WHEREAS, Longswamp Township is billed by its professionals on a monthly basis; and ...

---

1. Mountain Village contended that its application was for expansion of its nonconforming use; however, the Township did not admit that the use was nonconforming.

WHEREAS, because of inadequate plan quality often multiple reviews are necessary; and

WHEREAS, the taxpayers of Longswamp Township should not be financing development. . . .

NOW THEREFORE, IT IS HEREBY RESOLVED AS FOLLOWS:

\* \* \*

Should the cost of reviewing the Subdivision and/or Land Development exceed the amount of the plan review fee which the Developer has paid to the Township, the Developer shall pay to the Township, immediately upon request, the additional required fees to complete the review of the Subdivision and/or Land Development plan in question.

Reproduced Record of Appellant (RR) at 99a–101a.

On November 19, 1998, Mountain Village sent the Township a Notice of Disputed Review Fees, which contested the fees of the Solicitor as not recoverable pursuant to Section 503 of the Pennsylvania Municipalities Planning Code (MPC), relating to the contents of subdivision and land development ordinances. In 1998, Section 503 provided as follows:

**The subdivision and land development ordinance may include, but need not be limited to:**

**(1) Provisions for the submittal and processing of plats, including the charging of review fees, and specifications for such plats,** including certification as to the accuracy of plats and provisions for preliminary and final approval and for processing of final approval by stages or sections of development. **Such plats and surveys shall be prepared in accordance with the act of May 23, 1945 (P.L. 913, No. 367), known as the "Engineer, Land Surveyor and Geologist Registration Law,"** except that this requirement shall not preclude the preparation of a plat **in accordance with the act of January 24, 1966 (1965 P.L. 1527, No. 535), known as the "Landscape Architects' Registration Law,"** when it is appropriate to prepare the plat using professional services as set forth in the definition of the "practice of

landscape architecture" under section 2 of that act. **Review fees may include reasonable and necessary charges by the municipality's professional consultants or engineer for review and report thereon to the municipality.** Such review fees shall be based upon a schedule established by ordinance or resolution. **Such review fees shall be reasonable and in accordance with the ordinary and customary charges by the municipal engineer or consultant for similar service in the community, but in no event shall the fees exceed the rate or cost charged by the engineer or consultant to the municipalities** when fees are not reimbursed or otherwise imposed on applicants.

(i) In the event the applicant disputes the amount of any such review fees, the applicant shall, within ten days of the billing date, bill, notify the municipality that such fees are disputed, in which case the municipality shall not delay or disapprove a subdivision or land development application due to the applicant's request over disputed fees.

(ii) **In the event that the municipality and the applicant cannot agree on the amount of review fees which are reasonable and necessary, then the applicant and the municipality shall follow the procedure for dispute resolution set forth in section 510(g)** . . . .

\* \* \*

Section 503 of the MPC, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10503(1)(i)(ii) (Section 503) (footnotes omitted and emphasis added).[2]

2. Section 503(1)(ii) was amended by Section 10 of the Act of June 23, 2000, P.L. 495, No. 68, § 10, which provided that the Section 510(g) fee-dispute procedures were to be followed but added that "**the professionals resolving such dispute shall be of the same profession or discipline as the consultants whose fees are being disputed.**" 53 P.S. § 10503(1)(ii) (emphasis added). With respect to the matter *sub judice,* the Commonwealth Court held that it "need not decide whether this amendment is applicable to this appeal, for the amended language would not change the [c]ourt's disposition." *Mountain Village v. Bd. of Supervisors of Longswamp Township,* 828 A.2d 411, 414 n. 5 (Pa. Cmwlth.2003).

The dispute resolution mechanism that Section 503(1)(i)(ii) refers to is set forth at Section 10510, which is entitled "Release from improvement bond," and provides that:

(1) In the event the applicant disputes the amount of any such expense in connection with the inspection of improvements, the applicant shall, within ten working days of the date of billing, notify the municipality that such expenses are disputed as unreasonable or unnecessary, in which case the municipality shall not delay or disapprove a subdivision or land development application or any approval or permit related to development due to the applicant's request over disputed engineer expenses.

(2) **If, within 20 days from the date of billing, the municipality and the applicant cannot agree on the amount of expenses which are reasonable and necessary, then the applicant and municipality shall jointly, by mutual agreement, appoint another professional engineer licensed as such in the Commonwealth of Pennsylvania to review the said expenses and make a determination as to the amount thereof which is reasonable and necessary.**

53 P.S. § 10510(g)(1)(2) (emphasis added).

On January 14, 1999, Mountain Village filed an action for declaratory judgment requesting, *inter alia,* that the trial court find that it was not obligated to pay any fees of the Township Solicitor. On February 13, 2002, Mountain Village filed a Motion for Summary Judgment. On March 15, 2002, the Township filed an Answer to that Motion, and the trial court held a hearing on May 6, 2002. On June 10, 2002, the trial court entered an Order granting summary judgment in favor of the Township and directing Mountain Village to pay all costs billed to it for review fees that the Township Solicitor, Engineer,[3] and other professionals generated in their plan review activities. The trial court cited *J.R.W., Inc. v. Manchester Borough Council,* 148 Pa.Cmwlth. 238, 610 A.2d 1078 (1992), and noted that "[s]ection 503 does not specifically prohibit the assessment of legal fees as part of the review

---

**3.** Mountain Village has never contested the review fees of the Township Engineer.

process. Instead, the statute says that '[r]eview fees may include reasonable and necessary charges by the municipality's professional consultants or engineer....'" Memorandum Opinion of the Trial Court at 6 (citation omitted). The trial court concluded that "it is not unreasonable for a lawyer to be considered a 'professional consultant.'" *Id.* Further, the court noted that even if the term "professional consultant" were ambiguous, the trial court could ascertain the intent of the legislature by reviewing the law beyond its words, and that it would be an "absurd and unreasonable interpretation that the Legislature intended to allow a large mobile home developer to have a township's legal fees paid by the taxpayers when such fees are generated solely from the actions of and for the benefit of that developer." *Id.* at 7.

Mountain Village appealed to the Commonwealth Court, which reversed and remanded on June 12, 2003, and denied reargument on August 11, 2003. The Commonwealth Court panel determined that Sections 503 and 510, when read in their entirety, did not "authorize a municipality to charge its solicitor's legal fees to a land development applicant for the legal review of proposed land development plans." *Mountain Village v. Bd. of Supervisors of Longswamp Township*, 828 A.2d 411, 414 (Pa.Cmwlth.2003). The Commonwealth Court noted that the MPC does not define the terms "consultant" or "professional consultant," and that references in Sections 503 and 510 are to scientific professionals, indicating that these Sections allow fees only for such technical reviews. *Id.* at 414.[4] In light of that, the Commonwealth Court held that the

4. Section 107(a) of the MPC was subsequently amended by Section 1 of the Act of November 30, 2004, P.L. 1613, No. 206, effective Jan. 31, 2005, to add a definition of "professional consultants," as "persons who provide expert or professional advice, including, but not limited to, architects, attorneys, certified public accountants, engineers, geologists, land surveyors, landscape architects or planners." The amendments also eliminated references to "consultants or engineers" at 53 P.S. 10503, and replaced that phrase with the defined term "professional consultants." Additionally, the amendments regarding the fee dispute procedure at 53 P.S. 10510(g) eliminated the reference to "engineer or consultant" and replaced it with the newly defined term of "professional consultant." Neither party raised the amendments as an issue, and the pertinent legal fees in the matter *sub judice* were incurred seven

trial court committed an error of law in holding that the legal fees of the Solicitor could be assessed to Mountain Village. Accordingly, because there were no issues of material fact, the Commonwealth Court reversed and remanded the matter for entry of summary judgment in favor of Mountain Village. *Id.* at 415.

We granted allocatur on May 10, 2004, in order to determine whether the Commonwealth Court correctly concluded that the MPC does not permit the Township to assess the developer for the legal fees of its Solicitor.

## DISCUSSION

■ This is a declaratory judgment action where the trial court granted summary judgment to the Township. A motion for summary judgment is appropriate under the Declaratory Judgments Act. 42 Pa.C.S. 7533; *J.R.W., Inc. v. Manchester Borough Council,* 148 Pa.Cmwlth. 238, 610 A.2d 1078 (1992).

■ In analyzing the Order of the trial court that granted summary judgment to the Township, our scope of review is plenary. The standard of review is clear: we will reverse the order of the trial court only where the court committed an error of law or clearly abused its discretion. *Atcovitz v. Gulph Mills Tennis Club, Inc.,* 571 Pa. 580, 812 A.2d 1218, 1221 (2002). Further, summary judgment is appropriate only where the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* at 1221. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Id.* Only when the facts are so clear that reasonable minds cannot differ can a trial court properly enter summary judgment. Id. at 1222.

■ The facts and the issue presented in this case are not complicated, raising only one question, i.e., whether the legal

years before its effective date; accordingly, we do not address the new definition.

fees that the Township Solicitor incurred with respect to Mountain Village's development plans can be charged to Mountain Village, rather than to the Township. However, resolution of the question is not simple because the MPC, although allowing the charging of review fees by "professional consultants or engineer[s]," does not define either of those terms.[5]

Mountain Village correctly observed that the words of the statute provide only the undefined terms of "professional consultant" and "engineer," and "Section 503 itself does not indicate whether municipal solicitors or attorneys constitute 'professional consultants' or 'consultants.'" Brief of Appellee at 16–17. In response to this, the Township cites the Black's Law Dictionary definitions of "professional" and "consultant" and concludes that its definition of Solicitor fits within the meaning of those terms. Brief of Appellant at.3–4. However, we note that while using a dictionary is sometimes helpful, the dictionary's definitions of "professional" and "consultant" do not answer the instant question as to whether the Solicitor is a "professional consultant" within the terms of the statute.

In support of its position that the fees of its Solicitor should be assessed to Mountain Village, the Township emphasizes the "lengthy litigation history that spanned nearly thirty years and at least three separate land use appeals/zoning appeals prior to 1998 and then four additional land use appeals after the review of the ... plan;" the Solicitor's "detailed investigation to review any and all zoning issues;" the number of "complicated zoning issues;" the amount of "research" that was part of its plan review; and the "complex examination of prior court decisions in past litigation between Mountain Village and the Township ... and nearly thirty years of agreements ... as to the zoning status." Brief of Appellant at xii xiii, 4, 7.

However, we do not find the Township's argument regarding the amount and level of activities that its Solicitor was

5. The MPC's definitions are set forth at 53 P.S. § 10107 and did not at the time of this litigation include either "consultant" or "professional consultant."

required to undertake in the plan review persuasive or relevant, as the statute does not refer to intensity of work as a criterion for assessing whether or not the Solicitor is a "consultant." While one Solicitor may find it imperative to conduct a wide-ranging review of issues, another may choose to exercise a substantially more restricted role regarding the same project.

The statute requires that review fees be "reasonable and necessary." 53 P.S. § 10503(1). As a practical matter, a project applicant can authorize and limit the scope of its own attorney's work by negotiating a fee arrangement as part of the representation. The developer has no such ability to control the amount of work or fees generated by the Township's Solicitor, making the determination of whether the Solicitor's fees were "reasonable and necessary" more difficult to calculate. The New York Court of Appeals has succinctly addressed this precise danger in a zoning relief matter in *Jewish Reconstructionist Synagogue of the North Shore, Inc. v. Inc. Village of Roslyn Harbor et al.*, 40 N.Y.2d 158, 386 N.Y.S.2d 198, 352 N.E.2d 115 (Ct.App.1976). In that matter, a local ordinance specifically required applicants for various and special use permits to pay costs of legal fees, among other things, with no ceiling amount specified. The village charged the applicant legal fees of $2,322.20, and additional charges for individual copies of the hearing transcript and the cost of stenographic record, all of which the Court of Appeals invalidated, holding that:

> The trackless uncertainty was even greater with respect to the automatic charging of the applicant for the excellent legal services of which the board availed itself. Its choice of counsel, the extent to which it chose to reply on their services, indeed whether to engage them at all, rested entirely with the board alone. Of course the board was free, and perhaps wise, to exercise these prerogatives, but the imposition of their cost on the plaintiff was something else again. It would have disproportionately and impermissibly conditioned the availability of the board as a tribunal on an applicant's readiness to undertake an obligation de-

limited by things as indefinite as the vigor and determination of zealous opponents or the happenstance that the points at issue might turn out to be unexpectedly intricate. Thus, since the ordinance permitted the charges for the actual cost of these items to the applicant without so much as a point of reference grounded in data from similar cases, it is, to say the least, impossible to assess whether any or all of the charges so incurred were necessary to the accomplishment of the board's decision-making function or merely convenient to it. For these reasons, they must be said to be beyond the limitations of the power delegated under the statute.

*Id.* at 119–20. Although in the matter *sub judice,* the review fees were required to be "reasonable and necessary," the same danger cited in *Jewish Reconstructionist Synagogue* is present. We find that resolution of the question of whether the Solicitor is a "consultant" pursuant to Section 503 cannot depend on a criterion as fluid as the level of activities in which a particular Solicitor chooses to engage.

Mountain Village also argues that the Township's interpretation of Section 503 leads to an absurd result in this case, for, in the event of a fee dispute between a municipality and a project applicant, pursuant to Section 510(g), an **engineer** would determine the propriety of the legal fee in question. *See,* 53 P.S. § 10510(g)(2) ("[i]f . . . the municipality and the applicant cannot agree on the amount of expenses which are reasonable and necessary, then the applicant and the municipality shall . . . appoint another professional engineer . . . to review the said expenses and make a determination as to the amount thereof which is reasonable and necessary").

We note that Section 503(1)(ii) was amended by Section 10 of the Act of June 23, 2000, P.L. 495, which reiterates that the fee-dispute procedures are to be followed, but adds that "the professionals resolving such dispute shall be of the same profession or discipline as the consultants whose fees are being disputed." 53 P.S. § 10503(1)(ii). The Commonwealth Court did not address the applicability of the amendment to this matter, stating that "the amended language would not

change [its] disposition." *Mountain Village v. Bd. of Supervisors of Longswamp Township*, 828 A.2d 411, 414 n. 5 (Pa. Cmwlth.2003). Further, the Township does not contend that this amendment suggests a more expansive interpretation of "consultant," and, therefore, we do not address any such argument.[6]

The parties do not dispute that the statute does not define the crucial term of "consultant," and it is incumbent on this Court to determine whether the Solicitor is a "consultant," which would allow the Township to pass on his fees to Mountain Village.

In interpreting Section 503, we are guided by the Statutory Construction Act, which provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.1921(a).

There are two statutory sections that directly reference review fees and the dispute resolution mechanism: Sections 503(1)(i)(ii) and 510(g)(2). First, Section 503(1) addresses "provisions for the **submittal and processing of plats, including the charging of review fees,** and specifications for such **plats**...." 53 P.S. § 10503(1) (emphasis added). Thus, the plain words of this Section indicate that review fees must be related to the submission, processing, and specifications for "plats."[7] Next, the statute states that "[s]uch plats ... shall be prepared in accordance with the ... 'Engineer, Land Surveyor and Geologist Registration Law' ... [and] the 'Landscape Architects' Registration Law'...." *Id.* Finally,

---

6. In its Amicus Curiae Brief in Support of the Township, the Pennsylvania State Association of Township Supervisors (PSATS) asserts that "[t]hrough an amendment to Section [503], the legislature indicated that professionals other than engineers were intended to be included in Section [503]...." Amicus Curiae Brief of PSATS at 12. However, PSATS is not a party to this litigation, and the Township has neither adopted this argument nor contended that the amendment is applicable, retroactively or otherwise, to support its position that its Solicitor is a "consultant" whose fees should be assessed to Mountain Village.

7. A plat is "the map or plan of a subdivision or land development, whether preliminary or final." 53 P.S. § 10107.

this Section, *inter alia,* establishes that the review fees "may include reasonable and necessary charges by the municipality's professional consultants or engineer . . . ." *Id.*

The Commonwealth Court determined that the undefined term "professional consultant" refers to " 'scientific' professionals'—engineers, land surveyors, geologists, and landscape architects," because of the specific references in Section 503(1) to engineers, land surveyors, geologists, and landscape architects. *Mountain Village,* 828 A.2d at 414. It reached this conclusion based on "the maxim *noscitur a sociis,* words are known from their associates or by the company that they keep." *Id.* In applying that principle, the Commonwealth Court cited to a decision of this Court, *Devlin v. Osser,* 434 Pa. 408, 254 A.2d 303 (1969). In *Devlin,* we applied this maxim in interpreting a statutory requirement that polling places be "open for the registration of electors." *Id.* at 304. We noted that § 17(e), the statutory section in question:

provides that such offices shall be open for the registration of electors,' a guide to the meaning of 'open offices' can be found from the types of places [e]xpressly prescribed by 17 as being proper for registration. These are: (1) polling places; (2) schools; and (3) public buildings. These are, by their very nature, open to the public at large, and if there is any uncertainty about the proper construction here, the doctrine of [n]oscitur a sociis would indicate that all places of registration must be open to the public.

*Id.* at 305. *See also Northway Village No. 3, Inc., v. Northway,* 430 Pa. 499, 244 A.2d 47 (1968) (applying the maxim of *noscitur a sociis* to interpret a clause in a lease and citing the "ancient maxim *'noscitur a sociis* [which] summarizes the rule that the meaning of words may be indicated or controlled by those words with which they are associated."). *Id.* at 50.

■ This Court has long held that in construing a statute, we must give effect to legislative intent as expressed in the statute, and we cannot supply omissions in the statute, especially where it appears that the item may have been intentionally omitted. *Kusza v. Maximonis,* 363 Pa. 479, 70 A.2d 329, 331 (1950). Section 503(1) provides for the **"charging of**

review fees" for "submittal and processing of plats" and requires that the **"plats and surveys"** be prepared in accordance with the statutes regulating **engineers, land surveyors, geologists, and landscape architects.** Thus, those who prepare the plats and surveys that are submitted and processed, i.e., the engineers, land surveyors, geologists, and landscape architects, are authorized to charge the review fees. The determination of the Commonwealth Court that only those professionals are included within the term "consultant" is correct. This interpretation is consistent with the fact that it is the Townships municipal engineer, surveyor, geologist and scientific professionals who actually review the subdivision and land development plans for compliance with the requirements of municipal ordinances and land use controls.[8]

Further, we note that there is no claim by the Township that its Solicitor engaged in any review of plats. Rather, the Township cites to the review by the Solicitor of complicated zoning issues resulting from the lengthy litigation history between the parties and three prior settlement agreements, along with an issue related to a change in ownership of Mountain Village. Had the legislature intended to include the legal fees of the Solicitor, it could have made specific reference to that in Section 503, as it did with respect to those of the "scientific professionals." [9]

The Township contends that the Commonwealth Court erred by not applying the theory of *exressio* [sic] *unius est exclusio alterius,* "which means that if a word is included in some sections and omitted in others, that omission is part of the construction of the statute." Brief of Appellant at 12 (citations omitted). In support of this assertion, the Township

---

**8.** Section 503(2) delineates the numerous technical aspects of a subdivision or land development plan, including, *inter alia,* grading of streets, accommodation of traffic, facilitation of fire protection, adequate provisions for drainage and utilities, installation of walkways, curbs, gutters, street lights, fire hydrants, and water and sewage facilities. Clearly, these activities are within the domain of the technical professional consultants, as opposed to the Solicitor.

**9.** Effective January 31, 2005, the legislature made that specific reference. *See supra* 6–7, n. 4.

notes that attorneys fees are not recoverable against applicants in zoning hearing board matters, pursuant to 53 P.S. 10908(1.1), and that Section 503 does not contain that language. Further, the Township argues that the Commonwealth Court did not read the statute in its entirety, as required by 1 Pa.C.S.1922(2).

However, these arguments lack merit. The Township alleges that because the zoning hearing board cannot recover legal fees and because these fees are not excluded by Section 503, then the charges of the Solicitor can be recovered under Section 503. However, as Mountain Village correctly notes, the maxim of *expressio unius est exclusio alterius* does not provide that the exclusion of one thing (**"legal** fees") in one Section implies the inclusion of another thing (**"review"** fees of lawyers) in another Section. Section 908 applies to hearing board matters, and Section 503 applies to subdivision and land development ordinances. As a result, the two ordinances are not *in pari materia*, and the Commonwealth Court did not err by not applying the maxim cited by the Township.

The second reference in the statute to review fees is made at Section 503(1)(i)(ii), which addresses disputes and provides that the procedure for resolution set forth at Section 510(g) is to be utilized. Pursuant to Section 510(g), where a municipality and an applicant cannot agree on the amount of expenses that are reasonable and necessary, "the applicant and municipality shall ... appoint **another professional engineer** ... to review the said expenses and make a determination as to the amount thereof which is reasonable and necessary." 53 P.S. § 10510(g)(2) (emphasis added).[10]

Section 510(g) is included within Section 10510, which is entitled "Release from improvement bond." Section 510, in its totality, deals with the inspection of the developer's improve-

---

**10.** As we noted earlier, Section 503 was amended after the Complaint in this matter was filed and now provides that the Section 510(g) dispute resolution procedures are to be followed; however, the professional resolving the dispute is to be of the same profession as the "consultant" whose fees are being reviewed. This has not been raised as an issue by Township and was not a part of the decision of the Commonwealth Court.

ments by the municipal engineer and, ultimately, the release of the developer from all liability pursuant to its performance guaranty bond. Section 510(g)(2), the dispute resolution mechanism prescribed by Section 503(1)(i)(ii), provides that an engineer will resolve the fee dispute. The fact that the dispute resolution mechanism is contained in the Section dealing with release from improvement bonds strengthens our conclusion that the statute contemplated fee review disputes between the scientific professionals, as manifested by its provision that "another professional engineer" will resolve the dispute. Further, we agree with Mountain Village that "it is unlikely that the legislature intended an engineer to hear and rule upon a dispute concerning attorney's fees." Brief of Appellee at 18. This view is consistent with the principle of statutory construction that holds that in ascertaining the intention of the General Assembly in enacting a statute, the legislature "does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922.

In rejecting the argument of the Township, the Commonwealth Court found that its earlier decision in *J.R.W., Inc. v. Manchester Borough Council*, 148 Pa.Cmwlth. 238, 610 A.2d 1078 (1992), was "not controlling precedent." *Mountain Village v. Bd. of Supervisors of Longswamp Township*, 828 A.2d 411, 415 (Pa.Cmwlth.2003). In *J.R.W.*, the issue was whether a municipality that had not enacted a review fee schedule could charge such a fee after newly passed amendments to the MPC required such schedules. During the review of the development plans of J.R.W., which occurred prior to the assessment of fees, the legislature enacted Act 170,[11] which specifically allowed review fees and provided that those fees "shall be based upon a schedule established by ordinance or resolution." *Id.* at 414. J.R.W. argued that Act 170 should be applied retroactively, thus precluding the municipality from assessing the fee because it did not have a fee schedule or, in the alternative, that the municipality should be prohibited

11. Section 503 of the MPC, Act of Dec. 21, 1988, P.L. 1329, No. 170, § 32, *as reenacted and amended* (Act 170). This amendment rewrote Section 503 to provide what is virtually the same language in the statute today.

from assessing legal fees under either the old or the amended versions of Section 503.[12] In response to the argument that attorneys are "professional consultants," the Commonwealth Court said:

> The Borough argues that Act 170 specifically allows for the recovery of legal fees because it provides for inclusion of charges by "the municipality's professional consultants or engineer[.]" 53 P.S. § 10503(1). The Borough argues that, in effect, "or" means "and" in this case, and that attorneys are professional consultants. The Borough then concludes that Act 170 allows recovery of attorney's fees in addition to engineer's fees. **Act 170 does not apply to this case; we will not engage in dicta discussing whether Act 170 allows a municipality to include legal** charges in its review fee.

*J.R.W.*, 610 A.2d at 1082 n. 2 (emphasis added). Thus, we agree with the reasoning of the Commonwealth Court that the Township's reliance on *J.R.W.* as support for its position that its Solicitor is included within the term "professional consultant" is unfounded.[13]

In ascertaining the legislative intent with respect to the statutorily undefined term "professional consultant," we are mandated to consider, among other specified criteria, the object to be attained by the statute and the consequences of a particular interpretation. 1 Pa.C.S. § 1921(c)(4)(6). One purpose of the MPC, as set forth at Section 10105, is to "promote small business development and foster a business-friendly environment in this Commonwealth." Contrary to the argument of the Township that passing review fees on to develop-

---

12. Retroactivity is not an issue in the matter *sub judice.*

13. As the Commonwealth Court correctly noted, the reliance of the Township on *Ballou v. State Ethics Comm'n.*, 496 Pa. 127, 436 A.2d 186 (1981), is even less persuasive, as that case involved a question regarding whether a municipality's legal director resembled a "State consultant," as opposed to a "public official" or "public employee," for purposes of financial disclosure requirements under the former Public Official and Employee Ethics Law. This has no relevance to the matter at hand.

ers spares the taxpayers from paying an expense that benefits only developers, Mountain Village notes that:

> [m]any applicants for subdivision and land development approval are private, individual landowners and small business owners who are not in the business of land development, but who wish to subdivide or develop land which they own. Charging these applicants for the fees of a solicitor could be so prohibitively expensive that these applicants would not be able to afford the land development and subdivision process.

Brief of Appellee at 22.

The Township's position regarding public policy is, not surprisingly, quite the opposite. It asserts that "a fee review schedule for legal and engineering fees that is passed directly to developers is an indirect method of regulation to ensure compliance with Township ordinances in a direct and concise manner which encourages minimal review and cost to developers and municipality residents." Brief of Appellant at 10. It further alleges that "charging review fees to developers is a mechanism to ensure sufficient compliance by developers. When faced with the knowledge that developers must reimburse the Township for review fees it encourages proper submittal. Without charging review fees developers would not have the incentive to submit appropriate plans for legal review." *Id.* at 11, 610 A.2d 1078. The Township alleges that "it is not consistent with the goals of the MPC to benefit developers by sparing them the expense of legal review fees, which are necessary to comply with the goals set forth [in the statute], and impart such fees upon tax payers." *Id.*

We find the Township's theory that passing on its legal fees is a form of "indirect regulation" encouraging greater compliance is untenable, as it is unsubstantiated and ignores the fact that the goal of the developer is to obtain project approval, which undoubtedly motivates maximum compliance with the requirements of the municipality. While the Township's policy argument regarding who should bear the cost of its legal fees—i.e., the taxpayer or the developer, is more compelling, our reading of the language of Sections 503 and 510 leads us

to conclude that the term "professional consultant" does not include the Solicitor, and, as a result, those legal fees cannot be passed on to the developer.

## CONCLUSION

Our review of the relevant sections of the MPC results in our determination that the reference in Section 503 to "consultant" does not include the Solicitor and, accordingly, does not allow the Township to pass on its legal costs to Mountain Village. The review costs contemplated by that Section at the time of this dispute are those incurred by professionals engaged in the review of plats. As the Solicitor's activities, while no doubt useful and beneficial to the Township, did not involve that activity, the Township is obligated to pay its own legal fees. To hold otherwise would exceed the scope of the review fees contemplated by the statute in 1998 and would result in subjecting applicants to potentially large legal fees over which they have absolutely no control. As a result, we affirm the Order of the Commonwealth Court that remanded this matter for the entry of summary judgment for Mountain Village.