JEFFERSON WOODLANDS PART-NERS, L.P., a Pennsylvania Limited Partnership, and RHF Holdings, Inc., a Pennsylvania Corporation

v.

JEFFERSON HILLS BOROUGH and Jefferson Hills Borough Council,

Appeal of: Jefferson Hills Borough.

Jefferson Woodlands Partners, L.P., a Pennsylvania Limited Partnership, and RHF Holdings, Inc., a Pennsylvania Corporation, Appellants

v.

Jefferson Hills Borough and Jefferson Hills Borough Council.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 10, 2005.

Decided Aug. 18, 2005.

Fred C. Jug, Jr., Pittsburgh, for designated appellant, Jefferson Woodlands Partners, L.P.

George S. Gobel, Pittsburgh, for appellees.

BEFORE: McGINLEY, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

OPINION BY Judge LEADBETTER.

This case involves cross appeals from the order of the Court of Common Pleas of Allegheny County (common pleas) confirming in part and vacating in part an arbitration award. The arbitrator had concluded that a borough could not charge a developer its legal fees resulting either from its solicitor's review of development agreements entered into between the parties or from litigation between the parties regarding the developer's project. Common pleas concluded that the arbitrator exceeded his jurisdiction when he addressed legal fees associated with developments not involved in the immediate litigation between the parties and vacated that part of the award. Due to the narrow scope of review of a common law arbitration award, we affirm.

Jefferson Woodlands Partners, L.P. and RHF Holdings, Inc. (collectively Jefferson Woodlands)[1] are involved in several land development projects in Jefferson Hills Borough (Borough), including a single family subdivision known as "Jefferson Woodlands Plan No. 3." Litigation arose between the parties regarding the Plan No. 3 development.[2] The parties eventually entered into a consent order, signed by counsel for both parties and the judge, settling all issues except that of Jefferson Woodland's obligation to pay the Borough's legal fees (primarily the Solicitor's fees for reviewing the Developer's Agreement entered into between the parties and legal fees resulting from litigation concerning the development). With respect to the legal fees, the agreement provided:

> [U]pon agreement and consent of the parties, it is hereby ORDERED, ADJUDGED and DECREED, as follows:
>
> 1. The Developer's Agreement previously entered into between the parties on July 28, 2000, and originally set to expire on July 27, 2002, is hereby extended for a 3 month period until October 27, 2002, and [Jefferson Woodlands] shall complete all work required under said Developer's Agreement and comply with all provisions of said Developer's Agreement on or before October 27, 2002. In particular, and without limitation, [Jefferson Woodlands] shall:
>
> . . . .
>
> (C) Satisfy any and all legal, engineering, escrow fees to [the Borough] required by the Developer's Agreement. Any disputes between the parties regarding same shall be resolved through the arbitration process set forth in the Pa. Municipalities Planning Code. . . .

*Jefferson Woodlands Partners, L.P. v. Jefferson Hills Borough,* No. GD–02–011137, Order of court dated August 8, 2002.[3]

---

**1.** Jefferson Woodlands is a limited partnership and RHF Holdings is the general partner of Jefferson Woodlands.

**2.** In June of 2002, Jefferson Woodlands filed a complaint in mandamus against the Borough (docketed at GD–02–11137), wherein it averred, inter alia, that: (1) it developed Plan No. 3, a single family subdivision in the Borough; (2) on July 28, 2000, it entered into a Developer's Agreement with the Borough re-

garding construction of certain improvements in the Plan and bonding of such improvements; (3) it had completed the required improvements, the improvements were deemed to have been approved by the Borough but the Borough had failed to release Jefferson Woodland's security as requested and required. Based thereon, Jefferson Woodlands sought an order directing the Borough to release Jefferson Woodland's security.

The issue of legal fees proceeded to arbitration pursuant to subsection (C). The arbitrator, after submission of briefs, granted "summary judgment" in favor of Jefferson Woodlands,[4] concluding that the Borough could not charge Jefferson Woodlands its legal fees, and ordered the Borough to remit to Jefferson $59,405.11.[5] This amount, however, included legal fees the Borough charged Jefferson Woodlands in connection with two other developments (referred to as Phase I and II) in addition to Plan No. 3. The arbitrator required each party to pay one-half of the arbitration fee of $5,720.00, and awarded interest to Jefferson Woodlands from the date of the award if the Borough failed to remit payment to Jefferson Woodlands within thirty days.

Both parties sought relief with respect to the award. The Borough sought to vacate/modify the award, contending, among other things, that: (1) summary judgment is improper in an arbitration and the arbitrator improperly denied it an evidentiary hearing; (2) the arbitrator erred in concluding that *Mountain Village* prohibited the Borough from charging its legal fees to the developer; and (3) the arbitrator exceeded his jurisdiction in addressing fees related to developments other than Plan No. 3 because such developments were not the subject of the action docketed at No. GD–02–11137. Jefferson Woodlands sought to modify the award on the bases that pursuant to Section 510(g)(5) of the Pennsylvania Municipalities Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10510(g)(5), the Borough was required to bear the entire cost of the arbitration and that the arbitrator erred in failing to award Jefferson Woodlands interest from the date that it made each fee payment to the Borough.

Common pleas concluded that the arbitrator exceeded his jurisdiction in addressing legal fees associated with developments other than Plan No. 3 and vacated

---

3. The arbitration procedure referred to is presumably that appearing in Section 510 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10510. Section 510 provides that a municipality may charge a developer for the reasonable and necessary expense incurred by the municipal engineer to inspect the developer's improvements upon completion. If the developer disputes the amount of such expense in connection with the inspection of the improvements and the parties cannot resolve the dispute, then another professional engineer, selected by agreement or appointed by court, shall review the fee and make a determination as to the amount that is reasonable. *See* Section 510(g). Although the MPC has since been amended, at the relevant time no provision existed regarding legal fees.

4. The parties, arbitrator and common pleas refer to the motion as one for summary judgment; that is really a misnomer, considering the procedural posture and context of the motion.

5. The arbitrator relied on *Mountain Village v. Board of Supervisors,* 828 A.2d 411 (Pa. Cmwlth.2003), *aff'd,* 582 Pa. 605, 874 A.2d 1 (2005), to conclude that the MPC does not authorize a municipality to charge a developer/land development applicant its legal fees related to the developer's project. The arbitrator further rejected the Borough's argument that its subdivision and land development ordinance (SALDO) authorized it to charge a developer such fees, concluding that since the SALDO was enacted in accordance with the MPC, and the MPC did not authorize such action, the SALDO could not properly require the payment of such fees either.

   Finally, the arbitrator reviewed the applicable Developer's Agreement and concluded that Jefferson Woodlands had not agreed therein to pay the Borough's attorney fees resulting from review of the agreement and development plans or litigation between the parties.

that part of the award; in all other respects the court confirmed the award. In doing so, the court applied 42 Pa.C.S. § 7314, which sets forth the grounds for vacating a statutory arbitration award. The court also concluded that the Borough waived its right to challenge the arbitrator's authority to grant summary judgment by agreeing to cancel the scheduled hearing to allow the arbitrator to rule on the motion and failing to object until after the motion had been granted. The present appeals followed.

■ The parties have raised issues to this court that are similar to those raised before common pleas. Before addressing those arguments, however, it is necessary to determine the nature of the arbitration that occurred, as that will confine the scope of judicial review. Chapter 73 of the Judicial Code identifies three different types of arbitration: statutory arbitration [subchapter A—the Uniform Arbitration Act (UAA)]; common law arbitration (subchapter B); and judicial arbitration, which includes both compulsory arbitration and voluntary arbitration (subchapter C). *See* 42 Pa.C.S. §§ 7301–7362. Common pleas concluded that the scope of review applicable to statutory arbitration applied; this was an error.

■ Here, the parties agreed to arbitrate the fee dispute and a consent order, signed by counsel for the parties and the judge, was issued to that effect. Pursuant to Section 7302(a), 42 Pa.C.S. § 7302(a), an agreement to arbitrate is presumed to be an agreement to arbitrate under the principles applicable to common law arbitration unless the agreement is in writing and expressly provides for statutory arbitration. *Borgia v. Prudential Ins. Co.*, 561 Pa. 434, 750 A.2d 843 (2000); *Boyd C. Wagner, Inc. v. Shamokin Area Sch. Dist.*, 120 Pa.Cmwlth. 596, 549 A.2d 1004 (1988). Thus, since the agreement to arbitrate in the present case does not expressly provide for statutory arbitration, this matter is governed by principles applicable to common law arbitration.[6]

■ Pursuant to Section 7341, 42 Pa.C.S. § 7341, common law arbitrations are "binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." An "irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself." *Gargano v. Terminix Internat'l Co., L.P.*, 784 A.2d 188, 193 (Pa.Super.2001). It is well-settled that a common law arbitration award is not reviewable on the basis of an error of law or fact. *Borgia*, 561 Pa. at 440, 750 A.2d at 846; *Hade v. Nationwide Ins. Co.*, 519 Pa. 227, 546 A.2d 615 (1988). Finally, an award may also be corrected if the arbitra-

---

**6.** The Borough contends that the special provision set forth in 42 Pa.C.S. § 7302(d)(2) (providing that court may modify or correct an award where it is contrary to law and such that had it been a jury verdict, the court would have entered a different judgment or judgment notwithstanding the verdict), applies. We disagree because this case does not fall within any of the enumerated circumstances warranting application of that subsection. Specifically, the Commonwealth government is not a party, this does not involve a controversy between a political subdivision

and its employee, and the parties were not required by law to submit the controversy to arbitration pursuant to the UAA. *See* 42 Pa. C.S. § 7302(d)(1).

This matter could possibly be considered under Section 7362, 42 Pa.C.S. § 7362, which applies when "[a] civil matter or issue therein [is] referred by consent of the parties to one or more appointive judicial officers or other persons for hearing or hearing and disposition." However, even if so characterized, we would reach the same result.

tor exceeds the scope of his authority. *Gargano; Ginther v. United States Fid. & Guar. Co.,* 429 Pa.Super. 255, 632 A.2d 333 (1993). *See also Sley Sys. Garages v. Transport Workers Union of America,* 406 Pa. 370, 178 A.2d 560 (1962). With the proper scope of review in mind, we now turn to the parties' arguments on appeal.

■ Jefferson Woodlands first contends that common pleas erred in vacating that part of the award ordering the Borough to remit those legal fees charged in connection with Phase I and II developments. According to Jefferson, these fees were properly before the arbitrator because the consent order referred to "any disputes" between the parties regarding fees and Jefferson's motion to appoint an arbitrator noted that: (1) the Borough had charged Jefferson fees with respect to the other developments; (2) Jefferson objected to the invoices; and (3) Jefferson requested appointment of an arbitrator to "resolve the foregoing disputed invoices." After a review of the papers filed in the suit, we agree with common pleas that only the propriety of the legal fees associated with Plan No. 3 was before the arbitrator.

Jefferson Woodlands commenced the underlying action with a complaint in mandamus seeking the release of the security it posted with respect to Plan No. 3. The complaint noted that the parties had entered into a developer's agreement requiring Jefferson Woodlands to complete certain improvements with respect to Plan No. 3 and post the required security. The subsequent consent order, which is docketed under the same number as the mandamus action, reduces the amount of the security originally posted by Jefferson in connection with Plan No. 3, dismisses the mandamus action filed regarding Plan No. 3, orders Jefferson to complete certain improvements required by the developer's agreement executed with respect to Plan No. 3, and then provides that any disputes regarding the legal and engineering fees required by the developer's agreement be submitted to arbitration. Clearly, only issues regarding Plan No. 3 were being addressed in the consent order, and thus, those were the only issues the Borough agreed to arbitrate. Jefferson's motion to appoint an arbitrator could not serve to expand the arbitrator's jurisdiction, since the basis for arbitration was the parties' agreement. In its answer to the motion to appoint, the Borough specifically averred that fees related to Phase I and II were not properly subject to arbitration in this action. A review of the subsequent order of court granting the motion to appoint an arbitrator reveals that, even if common pleas had the power to do so, it did not expand upon the arbitrator's jurisdiction as established in the consent order. Accordingly, like common pleas, we conclude that the arbitrator exceeded his authority in addressing fees related to Phase I and II developments. Any issue with respect to those fees must be the subject of a separate action if not settled by the parties based upon the sound reasoning of the arbitrator below and our Supreme Court's recent opinion in *Mountain Village v. Board of Supervisors,* 582 Pa. 605, 874 A.2d 1 (2005).[7]

■ Jefferson Woodlands also contends that common pleas erred in confirming that portion of the award requiring the parties to share the arbitrator's fee. Relying on Section 510(g)(5),[8] 53 P.S.

---

7. In *Mountain Village,* our Supreme Court affirmed this court's conclusion that the MPC does not authorize a municipality to charge or

pass on its legal fees to an applicant/developer.

8. Section 510(g)(5) provides:

§ 10510(g)(5), Jefferson contends that since the arbitrator ordered the Borough to remit to it more than $59,000, the Borough is required to pay the entire arbitration fee. Jefferson Woodlands also contends that common pleas erred in affirming that portion of the award that ordered interest to run from the date of the award rather than from the date that Jefferson made each payment of legal fees. These contentions, however, are not reviewable under the limited scope of judicial review, because the alleged errors do not constitute "fraud, misconduct, corruption or other irregularity [that] caused the rendition of an unjust, inequitable or unconscionable award." *See* 42 Pa.C.S. § 7341. Accordingly, Jefferson Woodlands has not raised any issues requiring appellate relief.

■ Turning to the Borough's appeal, the Borough intimates that the arbitrator erred procedurally in granting summary judgment, thereby depriving it of an evidentiary hearing. The Borough suggests that such a procedure is not "contained in 42 Pa.C.S.A. § 7301 et seq." Borough's appellate brief at 20. We agree with common pleas that the Borough has waived any issue regarding the propriety of entertaining a motion for summary judgment in an arbitration setting because the Borough agreed to cancel the scheduled hearing to allow the arbitrator to rule on the motion and did not challenge the arbitrator's authority until after the fact. Indeed, a review of the Borough's brief in support of its answer to motion for summary judg-

ment reveals that the Borough never objected to the arbitrator's authority to decide the case based upon the motion for summary judgment.

■ The Borough also contends that common pleas erred in confirming the award because the arbitrator erred as a matter of law in granting summary judgment in favor of Jefferson Woodlands. According to the Borough, *Mountain Village v. Board of Supervisors*, 828 A.2d 411 (Pa.Cmwlth.2003), *aff'd*, 582 Pa. 605, 874 A.2d 1 (2005), which the arbitrator relied upon to support his decision, is not controlling because the Borough's imposition of legal fees does not stem from any authority imposed by the MPC but from both the developer's agreement, wherein Jefferson Woodlands voluntarily agreed to pay the Borough's legal fees, and Jefferson Hills Borough's Subdivision and Land Development Ordinance. The arbitrator considered and disposed of these contentions in his opinion and award. Although we note that this court finds the arbitrator's reasoning both sound and very persuasive, legal error, if it had been committed, is not within our scope of review. It is well-settled that an error of law is not grounds for setting aside a common law arbitration award. *Gargano*. For this same reason, we also reject the contention that summary judgment was improper because material issues of fact remained.

Accordingly, as neither party has asserted a meritorious issue, the order of common pleas is affirmed.

---

The fee of the appointed professional engineer for determining the reasonable and necessary expenses shall be paid by the applicant if the amount of payment required in the decision is equal to or greater than the original bill. If the amount of payment required in the decision is less than the original bill by $1,000 or more, the municipality shall pay the fee of the profes-

sional engineer, but otherwise the municipality and the applicant shall each pay one-half of the fee of the appointed professional engineer.

The Act of November 30, 2004, P.L. 1613, amended Section 510(g) as well as other sections of the MPC. Those amendments did not take effect until January 31, 2005.

## ORDER

AND NOW, this 18th day of August, 2005, the order of the Court of Common Pleas of Allegheny County in the above captioned matters is hereby AFFIRMED.